

USBC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _11/4/20_

### UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

ELSEVIER INC., BEDFORD, FREEMAN & WORTH
PUBLISHING GROUP, LLC d/b/a MACMILLAN
LEARNING, CENGAGE LEARNING, INC.,
MCGRAW HILL LLC, and PEARSON EDUCATION,
INC.,

          Plaintiffs,

      v.

DOES 1 - 86 d/b/a 7YEC.COM,
ALIBABADOWNLOAD.COM,
APLUSTBSM.BLOGSPOT.COM, BOOSTGRADE.INFO,
BUDDIEZ4U.MYSHOPIFY.COM, BUY-SOLUTIONS-
MANUAL.COM, BUYTESTBANKONLINE.COM,
CANADIANTESTBANKSOLUTIONS.BLOGSPOT.COM,
COLLEGESTUDENTTEXTBOOK.ORG,
CYBERTESTBANK.COM, DIGITALTESTBANKS.COM,
DIGTEXT.COM, EBOOKAS.COM,
EBOOKENTRY.COM, ETESTBANKS.COM,
FINDTESTBANKS.COM, HOMETESTBANKS.COM,
HWPREMIUM.COM, INSTRUCTORACCESS.COM,
MAXIZZY.MYSHOPIFY.COM,
NURSINGSTUDENTSHELP.COM, NURSINGTB.COM,
NURSINGTESTBANK.INFO,
NURSINGTESTBANK0.INFO,
NURSINGTESTBANKS.CO,
NURSINGTESTBANKTANK.COM,
REALNURSINGTESTBANK.COM,
RHYIBLE.MYSHOPIFY.COM,
SOLUTIONSMANUAL888.WORDPRESS.COM,
SOLUTIONTESTBANK.COM,
SOLUTIONTESTBANK.NET, STUDENT-
SAVER.BLOGSPOT.COM, STUDENTPUSH.COM,
STUDENTS-EXAMS.COM, SWEETGRADES.COM, TB-
BOOK.COM, TBMIRATE.COM, TEST-BANK-
SOLUTION.BLOGSPOT.COM, TESTBANK.CC,
TESTBANK.CO.COM, TESTBANK.SOLUTIONS,
TESTBANK101.COM, TESTBANK2020.COM,
TESTBANKAIR.COM,
TESTBANKANDSOLUTIONS.BLOGSPOT.COM,
TESTBANKAREA.COM, TESTBANKBASE.COM,
TESTBANKBYTE.COM, TESTBANKCLASSES.COM,

Civil Action No.  20-cv-8438

[PROPOSED]
**PRELIMINARY INJUNCTION**  *LLS*

TESTBANKCLICK.COM, TESTBANKDATA.COM,
TESTBANKDB.COM, TESTBANKDEALS.COM,
TESTBANKDOC.COM, TESTBANKFILES.COM,
TESTBANKFIRE.COM, TESTBANKGRADE.COM,
TESTBANKGROUP.COM, TESTBANKHOST.COM,
TESTBANKHUT.COM, TESTBANKINC.COM,
TESTBANKKING.COM, TESTBANKLAB.COM,
TESTBANKLIB.COM, TESTBANKMANUALS.COM,
TESTBANKNSOLUTIONS.COM,
TESTBANKPAPER.COM, TESTBANKPASS.COM,
TESTBANKPLANET.COM,
TESTBANKQUESTIONS.COM,
TESTBANKREAL.COM, TESTBANKS-
SOLUTIONMANUAL.COM, TESTBANKS.NET,
TESTBANKSHOP.NET,
TESTBANKSLIST.WORDPRESS.COM,
TESTBANKSOLUTION01.COM,
TESTBANKSOLUTIONMANUAL.COM,
TESTBANKSTER.COM, TESTBANKTEAM.COM,
TESTBANKTOP.COM, TESTBANKTREE.COM,
TESTBANKWORLD.ORG, TESTBANKY.COM,
TESTMANGO.COM, TEXTBOOKSOLUTIONS.CC, and
UNIVERSALSTUDYGUIDES.COM,

Defendants.

Plaintiffs Elsevier Inc., Bedford, Freeman & Worth Publishing Group, LLC d/b/a
Macmillan Learning, Cengage Learning, Inc., McGraw Hill LLC, and Pearson Education, Inc.
(collectively, "Plaintiffs") have moved against Defendants Does 1 – 86 (collectively,
"Defendants") doing business as, respectively, 7yec.com, alibabadownload.com,
aplustbsm.blogspot.com, boostgrade.info, buddiez4u.myshopify.com, buy-solutions-manual.com,
buytestbankonline.com, canadiantestbanksolutions.blogspot.com, collegestudenttextbook.org,
cybertestbank.com, digitaltestbanks.com, digtext.com, ebookas.com, ebookentry.com,
etestbanks.com, findtestbanks.com, hometestbanks.com, hwpremium.com, instructoraccess.com,
maxizzy.myshopify.com, nursingstudentshelp.com, nursingtb.com, nursingtestbank.info,
nursingtestbank0.info, nursingtestbanks.co, nursingtestbanktank.com, realnursingtestbank.com,

2

rhyible.myshopify.com, solutionsmanual888.wordpress.com, solutiontestbank.com, solutiontestbank.net, student-saver.blogspot.com, studentpush.com, students-exams.com, sweetgrades.com, tb-book.com, tbmirate.com, test-bank-solution.blogspot.com, testbank.cc, testbank.co.com, testbank.solutions, testbank101.com, testbank2020.com, testbankair.com, testbankandsolutions.blogspot.com, testbankarea.com, testbankbase.com, testbankbyte.com, testbankclasses.com, testbankclick.com, testbankdata.com, testbankdb.com, testbankdeals.com, testbankdoc.com, testbankfiles.com, testbankfire.com, testbankgrade.com, testbankgroup.com, testbankhost.com, testbankhut.com, testbankinc.com, testbankking.com, testbanklab.com, testbanklib.com, testbankmanuals.com, testbanknsolutions.com, testbankpaper.com, testbankpass.com, testbankplanet.com, testbankquestions.com, testbankreal.com, testbanks-solutionmanual.com, testbanks.net, testbankshop.net, testbankslist.wordpress.com, testbanksolution01.com, testbanksolutionmanual.com, testbankster.com, testbankteam.com, testbanktop.com, testbanktree.com, testbankworld.org, testbanky.com, testmango.com, textbooksolutions.cc, and universalstudyguides.com, and those additional, associated websites identified on **Appendix A** (collectively, the "Infringing Sites"), and under the names, aliases, and email addresses identified on **Appendix A**, for a preliminary injunction pursuant to Federal Rules of Civil Procedure 64 and 65, the Copyright Act (17 U.S.C. § 502(a)), the Lanham Act (15 U.S.C. § 1116), and N.Y. C.P.L.R. § 6201. Plaintiffs so move the Court on the basis that Defendants are reproducing, distributing, and/or selling unauthorized electronic copies of Plaintiffs' copyrighted test banks, instructor solutions manuals ("ISMs"), and/or textbooks and using unauthorized, identical (or substantially indistinguishable) copies of Plaintiffs' federally registered trademarks in connection with the sale, advertisement, and/or offering for sale of such infringing materials.

The Court, having reviewed the Complaint, Plaintiffs' Memorandum of Law and

3

Declarations filed in Support of the Order to Show Cause for a Preliminary Injunction, and the entire record herein, makes the following findings of fact and conclusions of law:

1.      Plaintiffs have served Defendants with the Complaint and Exhibits A-C thereto, the Court's October 9, 2020 *Ex Parte* Order ("*Ex Parte* Order"), and Plaintiffs' supporting papers filed in connection with the *Ex Parte* Order.

2.      The Court has personal jurisdiction over Defendants under N.Y. C.P.L.R. § 302(a), including on the grounds that Defendants have sold unauthorized, electronic copies of Plaintiffs' test banks, ISMs, and/or textbooks through highly interactive websites that are continuously accessible to New York consumers; have sold such test banks, ISMs, and/or textbooks into New York; and/or have injured Plaintiffs in New York by their infringing conduct and reasonably should have expected that Plaintiffs would suffer such injury.

3.      Plaintiffs are likely to succeed in showing that Defendants have infringed and are continuing to infringe Plaintiffs' federally registered copyrights in connection with Defendants' reproduction, distribution, and/or sale of unauthorized, electronic copies of Plaintiffs' test banks, ISMs, and/or textbooks.  Plaintiffs are also likely to succeed in showing that the Defendants against whom they have asserted trademark infringement claims in the Complaint have infringed and are continuing to infringe Plaintiffs' federally registered trademarks in connection with Defendants' distribution, sale, offering for sale, and/or advertising of unauthorized, electronic copies of Plaintiffs' test banks, ISMs, and/or textbooks.

4.      The reproduction, distribution, and/or sale of the infringing test banks, ISMs, and/or textbooks, and the unauthorized use of Plaintiffs' trademarks in connection therewith, will result in immediate and irreparable injury to Plaintiffs if the requested relief is not granted.

5.      The balance of potential harm to Defendants, if any, by being prevented from

4

continuing to profit from their illegal and infringing activities if a preliminary injunction is issued is far outweighed by the harm to Plaintiffs, their businesses, and the value associated with Plaintiffs' copyrights and trademarks if a preliminary injunction is not issued.

6.     Public interest favors issuance of a preliminary injunction in order to protect Plaintiffs' interest in and to their respective copyrights and trademarks and to protect the public from the harm caused by Defendants' infringing sales, which not only infringe upon Plaintiffs' intellectual property, but encourage and facilitate cheating by students and undermine the educational process in the United States.

NOW, THEREFORE, IT IS HEREBY ORDERED, in accordance with Federal Rules of Civil Procedure 64 and 65, the Copyright Act (17 U.S.C. § 502(a)), the Lanham Act (15 U.S.C. § 1116), N.Y. C.P.L.R. §§ 6201 *et al.*, and the Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, and no prior application having been granted, that:

1.     Defendants, their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with any of them who receive actual notice of this preliminary injunction are enjoined from:

> a)     Directly or indirectly infringing any copyrighted work that is owned or exclusively controlled by any of the Plaintiffs ("Plaintiffs' Copyrighted Works"), i.e., any copyrighted work published under any of the imprints identified on Exhibit C to the Complaint (attached hereto as **Appendix B**) (the "Imprints");

> b)     Directly or indirectly infringing any trademark that is owned or exclusively controlled by any of the Plaintiffs ("Plaintiffs' Marks"), including such

5

trademarks associated with the Imprints;

c) Directly or indirectly copying, reproducing, manufacturing, downloading, uploading, transmitting, distributing, selling, offering for sale, advertising, marketing, promoting, or otherwise exploiting any of Plaintiffs' Copyrighted Works or goods bearing Plaintiffs' Marks without Plaintiffs' express written authorization;

d) Enabling, facilitating, permitting, assisting, soliciting, encouraging, or inducing the copying, reproduction, manufacture, download, upload, transmission, distribution, sale, offering for sale, advertisement, marketing, promotion, or other exploitation of any of Plaintiffs' Copyrighted Works or goods bearing Plaintiffs' Marks without Plaintiffs' express written authorization;

e) Using, hosting, operating, maintaining, creating, or registering any computer server, website, domain name, domain name server, cloud storage, e-commerce platform, online advertising service, social media platform, proxy service (including reverse and forwarding proxies), website optimization service (including website traffic management), caching service, content delivery network, payment processing service, or providing any other service that supports the Infringing Sites in a similar manner as the above-listed services or otherwise enables, facilitates, permits, assists, solicits, encourages, or induces the infringement of Plaintiffs' Copyrighted Works or Plaintiffs' Marks, as set forth in subparagraphs (a) through (d) above;

6

    f)  Transferring ownership or control of the websites, domain names, or accounts associated with Defendants' Infringing Sites; and

    g)  Displaying the Infringing Sites in online search results and/or listing links to the Infringing Sites in any search index.

  2.  Defendants, their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with any of them who receive actual notice of this preliminary injunction and service providers to Defendants or other third parties who receive actual notice of this preliminary injunction and operate or control accounts holding or receiving money or other assets owned by, related to, connected to, associated with, held by, or transferred in connection with Defendants' Infringing Sites or Defendants' sale of Plaintiffs' Copyrighted Works ("Defendants' Accounts"), must immediately locate all Defendants' Accounts and immediately cease transferring, withdrawing, or otherwise disposing of any money or other assets in Defendants' Accounts or allowing such money or other assets in Defendants' Accounts to be transferred, withdrawn, or otherwise disposed of. Defendants' Accounts include, but are not limited to: (i) Defendants' Accounts with providers of payment processing services ("Payment Processors"), such as PayPal, Stripe, Square, Shopify, and WooCommerce; and (ii) Defendants' Accounts with banks, savings and loan associations, credit card processing agencies, merchant acquiring banks, and other companies that engage in the processing or transfer of money and/or other assets ("Financial Institutions"), including but not limited to those accounts listed on **Appendix C**.

  IT IS FURTHER ORDERED that Defendants shall preserve copies of all computer files relating to the use of any of the Infringing Sites or Defendants' sale of Plaintiffs' Copyrighted Works and shall take all steps necessary to retrieve computer files relating to the use of the

Infringing Sites or Defendants' sale of Plaintiffs' Copyrighted Works that may have been deleted before the entry of this Order.

IT IS FURTHER ORDERED that the Court's Expedited Discovery Order contained in the *Ex Parte* Order shall remain in effect until further order of the Court.

IT IS FURTHER ORDERED that this Preliminary Injunction shall no longer apply to any Defendant dismissed from this action.

It is SO ORDERED this **22** day of November, 2020.

**6 ⁰⁵ PM**

Louis L. Stanton

LOUIS L. STANTON
UNITED STATES DISTRICT JUDGE

8