UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELSEVIER INC., BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC d/b/a MACMILLAN LEARNING, CENGAGE LEARNING, INC., MCGRAW HILL LLC, and PEARSON EDUCATION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> DOES 1 - 86 d/b/a 7YEC.COM, ALIBABADOWNLOAD.COM, APLUSTBSM.BLOGSPOT.COM, BOOSTGRADE.INFO, BUDDIEZ4U.MYSHOPIFY.COM, BUY-SOLUTIONS-MANUAL.COM, BUYTESTBANKONLINE.COM, CANADIANTESTBANKSOLUTIONS.BLOGSPOT.COM, COLLEGESTUDENTTEXTBOOK.ORG, CYBERTESTBANK.COM, DIGITALTESTBANKS.COM, DIGTEXT.COM, EBOOKAS.COM, EBOOKENTRY.COM, ETESTBANKS.COM, FINDTESTBANKS.COM, HOMETESTBANKS.COM, HWPREMIUM.COM, INSTRUCTORACCESS.COM, MAXIZZY.MYSHOPIFY.COM, NURSINGSTUDENTSHELP.COM, NURSINGTB.COM, NURSINGTESTBANK.INFO, NURSINGTESTBANK0.INFO, NURSINGTESTBANKS.CO, NURSINGTESTBANKTANK.COM, REALNURSINGTESTBANK.COM, RHYIBLE.MYSHOPIFY.COM, SOLUTIONSMANUAL888.WORDPRESS.COM, SOLUTIONTESTBANK.COM, SOLUTIONTESTBANK.NET, STUDENT-SAVER.BLOGSPOT.COM, STUDENTPUSH.COM, STUDENTS-EXAMS.COM,  SWEETGRADES.COM, TB-BOOK.COM, TBMIRATE.COM, TEST-BANK-SOLUTION.BLOGSPOT.COM, TESTBANK.CC, TESTBANK.CO.COM, TESTBANK.SOLUTIONS, TESTBANK101.COM, TESTBANK2020.COM, | **Civil Action No.** |

TESTBANKAIR.COM,
TESTBANKANDSOLUTIONS.BLOGSPOT.COM,
TESTBANKAREA.COM, TESTBANKBASE.COM,
TESTBANKBYTE.COM,
TESTBANKCLASSES.COM,
TESTBANKCLICK.COM, TESTBANKDATA.COM,
TESTBANKDB.COM, TESTBANKDEALS.COM,
TESTBANKDOC.COM, TESTBANKFILES.COM,
TESTBANKFIRE.COM, TESTBANKGRADE.COM,
TESTBANKGROUP.COM, TESTBANKHOST.COM,
TESTBANKHUT.COM, TESTBANKINC.COM,
TESTBANKKING.COM, TESTBANKLAB.COM,
TESTBANKLIB.COM, TESTBANKMANUALS.COM,
TESTBANKNSOLUTIONS.COM,
TESTBANKPAPER.COM, TESTBANKPASS.COM,
TESTBANKPLANET.COM,
TESTBANKQUESTIONS.COM,
TESTBANKREAL.COM, TESTBANKS-
SOLUTIONMANUAL.COM, TESTBANKS.NET,
TESTBANKSHOP.NET,
TESTBANKSLIST.WORDPRESS.COM,
TESTBANKSOLUTION01.COM,
TESTBANKSOLUTIONMANUAL.COM,
TESTBANKSTER.COM, TESTBANKTEAM.COM,
TESTBANKTOP.COM, TESTBANKTREE.COM,
TESTBANKWORLD.ORG, TESTBANKY.COM,
TESTMANGO.COM, TEXTBOOKSOLUTIONS.CC,
and UNIVERSALSTUDYGUIDES.COM,

    Defendants.

## PLAINTIFF'S *EX PARTE* MOTION FOR
## LEAVE TO TEMPORARILY SEAL DOCUMENTS

  Pursuant to Fed. R. Civ. P. 26(c)(1), Plaintiffs Elsevier Inc., Bedford, Freeman & Worth Publishing Group, LLC d/b/a Macmillan Learning, Cengage Learning, Inc., McGraw Hill LLC, and Pearson Education, Inc. (collectively, "Plaintiffs") respectfully submit this *Ex Parte* Motion for Leave to Temporarily Seal Documents ("Motion to Seal") requesting leave to file the following documents under seal: (1) Plaintiffs' Complaint, Exhibits A-C thereto, and the additional case

initiating documents attendant to this filing ("Complaint");[1] and (2) Plaintiffs' *Ex Parte* Application for a Temporary Restraining Order ("TRO"), Order to Show Cause Why a Preliminary Injunction Should Not Issue, Order Authorizing Expedited Discovery, and Order Authorizing Alternate Service, and the documents in support thereof (collectively, "TRO Application") and Order deciding the TRO Application ("TRO Order").  Plaintiffs also request that the docket in this case remain under seal until the Complaint, TRO Application, and TRO Order are served on the Defendants.

      This is a case brought by some of the nation's largest and most well-respected higher-education publishers against a group of scofflaws who operate websites devoted to copyright and trademark infringement.  *See* Complaint ("Compl.") ¶¶ 2, 100; *see also* Declaration of Kelly McCann ("McCann Decl.") ¶¶ 3, 9-10; Declaration of Roger Naggar ("Naggar Decl.") ¶¶ 3, 9-10; Declaration of Jessica Stitt ("Stitt Decl.") ¶¶ 3, 9-10; Declaration of Steven Rosenthal ("Rosenthal Decl.") ¶¶ 3, 9-10; Declaration of LaShonda Morris ("Morris Decl.") ¶¶ 3, 9-10 (collectively, "Publishers' Decls.") (filed as part of the TRO Application).  At the expense of Plaintiffs and the integrity of the academic process, Defendants make infringing copies of Plaintiffs' copyrighted test banks and/or instructor solutions manuals ("ISMs"), which they store in digital format on their computers and then distribute illegally to students for a profit.  *See* Compl. ¶¶ 107-08; Publishers' Decl. ¶¶ 9, 16-17.  Some Defendants also copy, distribute, and sell infringing copies of Plaintiffs' copyrighted test banks and textbooks and/or infringe Plaintiffs' federally registered trademarks in connection with the sale, offering for sale, or

---

[1] These include Plaintiffs' Rule 7.1 Statement, Report on the Filing or Determination of an Action or Appeal Regarding a Copyright, Report on the Filing or Determination of an Action Regarding a Patent or Trademark, and Attorney Appearance Forms.  If publicly filed, such documents would also give Defendants Does 1-86 ("Defendants") notice of this action.

3

advertising of Plaintiffs' works.  *See* Compl. ¶¶ 107-08; Publishers' Decl. ¶ 9.

In the TRO Application, Plaintiffs seek a TRO, permission to take expedited discovery, and an asset freeze to expeditiously preserve evidence of Defendants' infringing activity and Defendants' assets associated therewith.  Sealing the Complaint, TRO Application, and TRO Order is necessary to prevent the Defendants from learning of these proceedings prior to the issuance and execution of the requested *ex parte* relief, if granted.  Courts in this District have routinely issued temporary sealing orders in similar cases.  *See, e.g.*, Sealing Order, *McGraw Hill. et al. v. Does 1-63,* No. 20-cv-6368-GHW (S.D.N.Y. Aug. 12, 2020), ECF No. 3 (granting Plaintiffs' motion to temporarily seal the complaint, TRO order, and related papers in a case involving copyright and trademark infringement claims against Doe defendants operating infringing websites)*;* Sealing Order, *Cengage Learning, Inc. et al. v. Trung Kien Nguyen et al.*, No. 20-cv-769-JGK (S.D.N.Y. Jan. 30, 2020), ECF No. 4 (court *sua sponte* ordering temporary sealing of TRO and related papers); *see also Klipsch Grp., Inc. v. Big Box Store Ltd.*, No. 12-cv-6283-AJN, 2012 WL 5265727, at *1 (S.D.N.Y. Oct. 24, 2012) (noting that the court granted "Plaintiff's request to file the Complaint under seal so that Plaintiff could obtain certain ex parte remedies as provided by the Lanham Act without providing the defendants, alleged to be counterfeiters, with an opportunity to destroy any infringing goods or abscond with any ill-gotten profits"); *Tommy Hilfiger Licensing, Inc. v. Tee's Ave., Inc.*, 924 F. Supp. 17, 18 (S.D.N.Y. 1996) (noting that the court had previously "ordered the records temporarily sealed" and "granted an ex parte Temporary Restraining Order, restraining, among other acts, continued use of the plaintiffs' trademarks.").

The Motion to Seal is further supported by good cause in the context of this case.  Defendants know full well that they are not authorized to reproduce or distribute digital (or any)

copies of Plaintiffs' works or use Plaintiffs' trademarks for any purpose.  *See, e.g.*, Compl. ¶¶ 2-3, 116.  Yet they have persisted in their widescale infringement nonetheless, which not only causes significant harm to Plaintiffs, both from a financial and a reputational standpoint, but also causes significant harm to the general public by facilitating cheating by students and undermining the integrity of the educational process.  *See, e.g.,* Compl. ¶¶ 107-08, 119.  Indeed, Plaintiffs have already discovered 77 separate works and nine separate trademarks of Plaintiffs that Defendants have infringed, even at this very early stage of the proceedings.  *See* Compl. Exs. A and B.

Defendants also conduct their infringing activities by hiding behind the anonymity of the internet.  *See* Comp. ¶¶ 117-18.  Defendants' infringing websites do not reveal the true names of those who own or operate the infringing websites, and most of the websites do not advertise physical addresses (or if they do, they are generally fake addresses).  *See id.*  Given Defendants' unknown locations and repeated disregard for U.S. copyright and trademark laws, there is a serious risk that Defendants will secrete the assets from their illegal operations.  *See id.* ¶ 113; Declaration of Matthew I. Fleischman ¶ 4 (filed as part of the TRO Application).  Thus, if Defendants were to learn of these proceedings prematurely, a likely result would be the destruction of relevant evidence, the hiding or transferring of U.S. assets to foreign jurisdictions, and the transfer and disablement of Defendants' accounts that they have used to conduct their infringing activities.  *See id.*  Such acts would frustrate the purposes of the underlying law and would interfere with this Court's power to grant relief.

Once the Complaint, TRO Application, and TRO Order have been served on Defendants, Plaintiffs will promptly move to unseal the docket in this case.

Dated:  October 9, 2020

Respectfully submitted,

/s/ Matthew I. Fleischman

Matthew I. Fleischman

Matthew J. Oppenheim
Scott A. Zebrak
Michele H. Murphy (*pro hac vice* motion to be filed)
Matthew I. Fleischman
Vivian E. Kim
**OPPENHEIM + ZEBRAK, LLP**
4530 Wisconsin Ave, NW, 5th Floor
Washington, DC  20016
Telephone:  (202) 480-2999
matt@oandzlaw.com
scott@oandzlaw.com
michele@oandzlaw.com
fleischman@oandzlaw.com
vivian@oandzlaw.com

*Attorneys for Plaintiffs*