UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELSEVIER INC., BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC d/b/a MACMILLAN LEARNING, CENGAGE LEARNING, INC., MCGRAW HILL LLC, and PEARSON EDUCATION, INC.,<br><br>       Plaintiffs,<br><br>   v.<br><br>DOES 1 - 86 d/b/a 7YEC.COM, ALIBABADOWNLOAD.COM, APLUSTBSM.BLOGSPOT.COM, BOOSTGRADE.INFO, BUDDIEZ4U.MYSHOPIFY.COM, BUY-SOLUTIONS-MANUAL.COM, BUYTESTBANKONLINE.COM, CANADIANTESTBANKSOLUTIONS.BLOGSPOT.COM, COLLEGESTUDENTTEXTBOOK.ORG, CYBERTESTBANK.COM, DIGITALTESTBANKS.COM, DIGTEXT.COM, EBOOKAS.COM, EBOOKENTRY.COM, ETESTBANKS.COM, FINDTESTBANKS.COM, HOMETESTBANKS.COM, HWPREMIUM.COM, INSTRUCTORACCESS.COM, MAXIZZY.MYSHOPIFY.COM, NURSINGSTUDENTSHELP.COM, NURSINGTB.COM, NURSINGTESTBANK.INFO, NURSINGTESTBANK0.INFO, NURSINGTESTBANKS.CO, NURSINGTESTBANKTANK.COM, REALNURSINGTESTBANK.COM, RHYIBLE.MYSHOPIFY.COM, SOLUTIONSMANUAL888.WORDPRESS.COM, SOLUTIONTESTBANK.COM, SOLUTIONTESTBANK.NET, STUDENT-SAVER.BLOGSPOT.COM, STUDENTPUSH.COM, STUDENTS-EXAMS.COM,  SWEETGRADES.COM, TB-BOOK.COM, TBMIRATE.COM, TEST-BANK-SOLUTION.BLOGSPOT.COM, TESTBANK.CC, TESTBANK.CO.COM, TESTBANK.SOLUTIONS, TESTBANK101.COM, TESTBANK2020.COM, TESTBANKAIR.COM, TESTBANKANDSOLUTIONS.BLOGSPOT.COM, TESTBANKAREA.COM, TESTBANKBASE.COM, TESTBANKBYTE.COM, TESTBANKCLASSES.COM, | Civil Action No.<br><br>[PROPOSED]<br>1) TEMPORARY RESTRAINING ORDER;<br>2) ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE; 3) EXPEDITED DISCOVERY ORDER; AND 4) ALTERNATE SERVICE ORDER ("EX PARTE ORDER") |

TESTBANKCLICK.COM, TESTBANKDATA.COM,
TESTBANKDB.COM, TESTBANKDEALS.COM,
TESTBANKDOC.COM, TESTBANKFILES.COM,
TESTBANKFIRE.COM, TESTBANKGRADE.COM,
TESTBANKGROUP.COM, TESTBANKHOST.COM,
TESTBANKHUT.COM, TESTBANKINC.COM,
TESTBANKKING.COM, TESTBANKLAB.COM,
TESTBANKLIB.COM, TESTBANKMANUALS.COM,
TESTBANKNSOLUTIONS.COM,
TESTBANKPAPER.COM, TESTBANKPASS.COM,
TESTBANKPLANET.COM,
TESTBANKQUESTIONS.COM,
TESTBANKREAL.COM, TESTBANKS-
SOLUTIONMANUAL.COM, TESTBANKS.NET,
TESTBANKSHOP.NET,
TESTBANKSLIST.WORDPRESS.COM,
TESTBANKSOLUTION01.COM,
TESTBANKSOLUTIONMANUAL.COM,
TESTBANKSTER.COM, TESTBANKTEAM.COM,
TESTBANKTOP.COM, TESTBANKTREE.COM,
TESTBANKWORLD.ORG, TESTBANKY.COM,
TESTMANGO.COM, TEXTBOOKSOLUTIONS.CC, and
UNIVERSALSTUDYGUIDES.COM,

Defendants.

## EX PARTE ORDER

Plaintiffs Elsevier Inc., Bedford, Freeman & Worth Publishing Group, LLC d/b/a Macmillan Learning, Cengage Learning, Inc., McGraw Hill LLC, and Pearson Education, Inc. (collectively, "Plaintiffs") have moved *ex parte* against Defendants Does 1 – 86 (collectively, "Defendants") doing business as, respectively, 7yec.com, alibabadownload.com, aplustbsm.blogspot.com, boostgrade.info, buddiez4u.myshopify.com, buy-solutions-manual.com, buytestbankonline.com, canadiantestbanksolutions.blogspot.com, collegestudenttextbook.org, cybertestbank.com, digitaltestbanks.com, digtext.com, ebookas.com, ebookentry.com, etestbanks.com, findtestbanks.com, hometestbanks.com, hwpremium.com, instructoraccess.com, maxizzy.myshopify.com, nursingstudentshelp.com, nursingtb.com, nursingtestbank.info,

nursingtestbank0.info, nursingtestbanks.co, nursingtestbanktank.com, realnursingtestbank.com, rhyible.myshopify.com, solutionsmanual888.wordpress.com, solutiontestbank.com, solutiontestbank.net, student-saver.blogspot.com, studentpush.com, students-exams.com, sweetgrades.com, tb-book.com, tbmirate.com, test-bank-solution.blogspot.com, testbank.cc, testbank.co.com, testbank.solutions, testbank101.com, testbank2020.com, testbankair.com, testbankandsolutions.blogspot.com, testbankarea.com, testbankbase.com, testbankbyte.com, testbankclasses.com, testbankclick.com, testbankdata.com, testbankdb.com, testbankdeals.com, testbankdoc.com, testbankfiles.com, testbankfire.com, testbankgrade.com, testbankgroup.com, testbankhost.com, testbankhut.com, testbankinc.com, testbankking.com, testbanklab.com, testbanklib.com, testbankmanuals.com, testbanknsolutions.com, testbankpaper.com, testbankpass.com, testbankplanet.com, testbankquestions.com, testbankreal.com, testbanks-solutionmanual.com, testbanks.net, testbankshop.net, testbankslist.wordpress.com, testbanksolution01.com, testbanksolutionmanual.com, testbankster.com, testbankteam.com, testbanktop.com, testbanktree.com, testbankworld.org, testbanky.com, testmango.com, textbooksolutions.cc, and universalstudyguides.com (the "Infringing Sites"), for 1) a temporary restraining order, 2) an order to show cause why a preliminary injunction should not issue, 3) an order authorizing expedited discovery, and 4) an order authorizing alternate service by electronic mail (collectively, the "Application").  Plaintiffs so move the Court on the basis that Defendants are reproducing, distributing, and/or selling unauthorized electronic copies of Plaintiffs' copyrighted test banks, instructor solutions manuals ("ISMs"), and/or textbooks and using unauthorized, identical (or substantially indistinguishable) copies of Plaintiffs' federally registered trademarks in connection with the sale, advertisement, and/or offering for sale of such infringing materials.

3

The Court, having reviewed the Complaint, the Memorandum of Law filed in support of the Application, the declarations filed in support of the Application, and the entire record herein, makes the following findings of fact and conclusions of law:

**FACTUAL FINDINGS AND CONCLUSIONS OF LAW**

1.  Plaintiffs are likely to succeed in showing that Defendants have infringed and are continuing to infringe Plaintiffs' federally registered copyrights in connection with Defendants' reproduction, distribution, and/or sale of unauthorized electronic copies of Plaintiffs' test banks, ISMs, and/or textbooks, including via the Infringing Sites. Plaintiffs are also likely to succeed in showing that the Defendants against whom they have asserted trademark infringement claims in the Complaint have infringed and are continuing to infringe Plaintiffs' federally registered trademarks in connection with Defendants' distribution, sale, offering for sale, and/or advertising of unauthorized electronic copies of Plaintiffs' test banks, ISMs, and/or textbooks.

2.  The reproduction, distribution, and/or sale of the infringing test banks, ISMs, and/or textbooks, and the distribution, sale, offering for sale, and/or advertising of Plaintiffs' trademarks in connection therewith, will result in immediate and irreparable injury to Plaintiffs if the requested relief is not granted.

3.  The balance of potential harm to Defendants, if any, by being prevented from continuing to profit from their illegal and infringing activities if a temporary restraining order is issued is far outweighed by the harm to Plaintiffs, their businesses, and the value associated with Plaintiffs' copyrights and trademarks if a temporary restraining order is not issued.

4.  Public interest favors issuance of a temporary restraining order in order to protect Plaintiffs' interest in and to their respective copyrights and trademarks and to protect the public from the harm caused by Defendants' infringing sales, which encourage and facilitate cheating

and undermine the educational process in the United States.

5. If Defendants are given notice of the Application prior to the time set forth below, they are likely to secrete, conceal, transfer, or otherwise dispose of the proceeds from their sales of infringing copies of Plaintiffs' test banks, ISMs, and/or textbooks, thus preventing Plaintiffs from obtaining the final relief they seek.

6. Without the requested expedited discovery, Plaintiffs will not be able to determine the true identities and locations of the Defendants, obtain the information necessary to effectuate the asset freeze, and ultimately proceed with their claims and obtain the final relief they seek.

7. Service on Defendants by electronic mail to the addresses used by Defendants to conduct business on or in connection with their respective Infringing Sites is reasonably calculated to provide actual notice of Plaintiffs' claims to Defendants.

## **ORDER TO SHOW CAUSE**

Based on the foregoing, it is HEREBY ORDERED that Defendants shall appear on _____2020, at _____ a.m./p.m. telephonically, pursuant to instructions that will issue from the Court, [or in Courtroom _____ of the United States District Court for the Southern District of New York at 500 Pearl Street / 40 Centre Street, New York, New York 10007] to show cause why an order should not be entered, pending resolution of this case or further order of this Court, granting Plaintiffs' request for a preliminary injunction enjoining Defendants, their respective officers, agents, employees, and attorneys, and all those in active concert or participation with any of them who receive actual notice of the order, and an asset freeze order, in a manner substantially similar to the relief provided herein ("Preliminary Injunction"). Plaintiffs seek the Preliminary Injunction pursuant to, *inter alia*, Federal Rules of Civil Procedure 64 and 65, the Copyright Act (17 U.S.C. § 502(a)), the Lanham Act (15 U.S.C. §

1116), N.Y. C.P.L.R. §§ 6201 *et al.*, and the Court's inherent equitable authority to issue provisional remedies ancillary to its authority to provide final equitable relief.

IT IS FURTHER ORDERED that Defendants' answering papers shall be filed and served upon Plaintiffs' counsel, by email to publisher.lawsuit@oandzlaw.com, on or before _____, 2020, and Plaintiffs' reply papers, if any, shall be filed and served on Defendants on or before _____, 2020.

IT IS FURTHER ORDERED that any third party provided with notice of this *Ex Parte* Order for purposes of compliance with its terms shall not disclose in sum or substance the *Ex Parte* Order to Defendants, their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with any of them, until Plaintiffs have filed proof of service of the *Ex Parte* Order on Defendants on the case docket as provided in the Alternate Service Order below.

## **TEMPORARY RESTRAINING ORDER**

IT IS HEREBY ORDERED, in accordance with Federal Rules of Civil Procedure 64 and 65, the Copyright Act (17 U.S.C. § 502(a)), the Lanham Act (15 U.S.C. § 1116), N.Y. C.P.L.R. §§ 6201 *et al.*, and the Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, and no prior application having been granted, that:

1. Defendants, their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with any of them who receive actual notice of this Temporary Restraining Order, are enjoined from:

   a) Directly or indirectly infringing any copyrighted work that is owned or exclusively controlled by any of the Plaintiffs ("Plaintiffs' Copyrighted Works"), i.e., any copyrighted work published under any of the imprints identified on Exhibit C to the Complaint (attached hereto as Appendix A)

        (the "Imprints");

b)    Directly or indirectly infringing any trademark that is owned or exclusively controlled by any of the Plaintiffs ("Plaintiffs' Marks"), including such trademarks associated with the Imprints;

c)    Directly or indirectly copying, reproducing, manufacturing, downloading, uploading, transmitting, distributing, selling, offering for sale, advertising, marketing, promoting, or otherwise exploiting any of Plaintiffs' Copyrighted Works or goods bearing Plaintiffs' Marks without Plaintiffs' express written authorization;

d)    Enabling, facilitating, permitting, assisting, soliciting, encouraging, or inducing the copying, reproduction, manufacture, download, upload, transmission, distribution, sale, offering for sale, advertisement, marketing, promotion, or other exploitation of any of Plaintiffs' Copyrighted Works or goods bearing Plaintiffs' Marks without Plaintiffs' express written authorization;

e)    Using, hosting, operating, maintaining, creating, or registering any computer server, website, domain name, domain name server, cloud storage, e-commerce platform, online advertising service, social media platform, proxy service (including reverse and forwarding proxies), website optimization service (including website traffic management), caching service, content delivery network, payment processing service, or providing any other service that supports the Infringing Sites in a similar manner as the above-listed services or otherwise enables, facilitates, permits, assists,

solicits, encourages, or induces the infringement of Plaintiffs' Copyrighted Works or Plaintiffs' Marks, as set forth in subparagraphs (a) through (d) above;

f) Transferring ownership or control of the websites, domain names, or accounts associated with Defendants' Infringing Sites; and

g) Displaying the Infringing Sites in online search results and/or listing links to the Infringing Sites in any search index.

2. Defendants, their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with any of them who receive actual notice of this Temporary Restraining Order, and service providers to Defendants or other third parties who receive actual notice of this Temporary Restraining Order and operate or control accounts holding or receiving money or other assets owned by, related to, connected to, associated with, held by, or transferred in connection with Defendants' Infringing Sites or Defendants' sale of Plaintiffs' Copyrighted Works ("Defendants' Accounts"), must immediately locate all Defendants' Accounts and immediately cease transferring, withdrawing, or otherwise disposing of any money or other assets in Defendants' Accounts or allowing such money or other assets in Defendants' Accounts to be transferred, withdrawn, or otherwise disposed of.  Defendants' Accounts include, but are not limited to: (i) Defendants' Accounts with providers of payment processing services ("Payment Processors"), such as PayPal, Stripe, Square, Shopify, and WooCommerce; and (ii) Defendants' Accounts with banks, savings and loan associations, credit card processing agencies, merchant acquiring banks, and other companies that engage in the processing or transfer of money and/or other assets ("Financial Institutions").

IT IS FURTHER ORDERED that Defendants shall preserve copies of all computer files

relating to the use of any of the Infringing Sites or Defendants' sale of Plaintiffs' Copyrighted Works and shall take all steps necessary to retrieve computer files relating to the use of the Infringing Sites or Defendants' sale of Plaintiffs' Copyrighted Works that may have been deleted before the entry of this Order.

IT IS FURTHER ORDERED that this Temporary Restraining Order shall remain in effect for fourteen (14) days unless extended by order of the Court.

IT IS FURTHER ORDERED that this Temporary Restraining Order shall no longer apply to any Defendant or Infringing Sites dismissed from this action.

IT IS FURTHER ORDERED that Plaintiffs shall post security in the amount of $_____, by corporate surety bond, cash, credit card, or a certified or attorney's check.

IT IS FURTHER ORDERED that upon two (2) business days' written notice to the Court and Plaintiffs' counsel, any Defendant or restrained third party may appear and move for the dissolution or modification of the provisions of this Temporary Restraining Order upon an appropriate evidentiary showing.

IT IS FURTHER ORDERED that restrained third parties and/or third parties from whom Plaintiffs seek expedited discovery as set forth in the Expedited Discovery Order below shall not provide Defendants, their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with any of them, with notice of this *Ex Parte* Order until Plaintiffs have notified such third parties that Defendants have been served with the *Ex Parte* Order. Within two (days) of serving Defendants with the *Ex Parte* Order, as set forth in paragraph 3 of the Alternative Service Order below, Plaintiffs shall notify third parties with whom they have provided notice of this *Ex Parte* Order and/or sought Expedited Discovery hereunder that service upon Defendants has been effected.

## **EXPEDITED DISCOVERY ORDER**

Sufficient cause having been shown, IT IS HEREBY ORDERED that:

1.  Within two (2) days of receiving actual notice of this *Ex Parte* Order, Defendants, their officers, agents, servants, employees, and attorneys, and any individual or entity providing services to Defendants' Infringing Sites, or to Defendants in connection with those activities referred to in paragraphs 1(c) through (g) of the Temporary Restraining Order, shall provide to Plaintiffs' counsel, via email to publisherlawsuit@oandzlaw.com, written disclosure of the following information, regardless of whether such information physically resides in the United States or abroad:

    a)  All names, physical addresses, email addresses, and Internet Protocol ("IP") addresses associated with Defendants or the Infringing Sites;

    b)  Any other websites or domain names associated with or related to Defendants or the Infringing Sites, along with all names, physical addresses, email addresses, and IP addresses associated with such websites and/or domain names;

    c)  Information regarding Defendants' Accounts with Payment Processors or Financial Institutions, including, as applicable, the identity and location of the Payment Processor or Financial Institution; complete account numbers; all names, physical addresses, email addresses, and IP addresses associated with Defendants' Accounts; and account balance information.

2.  Plaintiffs may immediately issue expedited discovery requests to Defendants and/or seek via subpoena from relevant third parties, who shall provide within no more than five (5) days of service of the requests or subpoena, the following information, regardless of whether

such information physically resides in the United States or abroad:

  a. Defendants' inventory of Plaintiffs' Copyrighted Works, including the relevant title, ISBN, and location of such inventory;

  b. Defendants' sales of Plaintiffs' Copyrighted Works from October 1, 2017 to the present, including Defendants' gross revenues received and, for each transaction, the relevant title, ISBN, number of copies sold, price per copy, date sold, and purchaser's city and state;

  c. Upload logs and download logs or similar documents reflecting the sale or distribution of Plaintiffs' Copyrighted Works through the Infringing Sites, including the date and time of the uploads/downloads, and the name of the files uploaded/downloaded;

  d. Search engine keywords and online advertisements utilized from October 1, 2017 to the present in connection with the sale or distribution of Plaintiffs' Copyrighted Works through the Infringing Sites, including amounts paid for the keywords and/or advertisements purchased;

  e. Account statements and/or similar transaction detail for Defendants' Accounts with Payment Processors and Financial Institutions from October 1, 2017 to the present; and

  f. With respect to a Financial Institution, information concerning its connection to the United States, including but not limited to information concerning U.S. dollar wire transfers to and from other countries as well as properties owned, correspondent accounts, acquiring banks, and settlement accounts in the United States and/or used by Defendants.

3. It is further ordered that Plaintiffs may immediately issue expedited discovery requests and/or subpoenas seeking the inspection of Plaintiffs' Copyrighted Works held in inventory by a Defendant or by a third party on behalf of or in association with a Defendant. Plaintiffs and Defendants and, if applicable, any third parties, shall work cooperatively to coordinate the inspection of Plaintiffs' Copyrighted Works within five (5) days of Plaintiffs' request.

## ALTERNATE SERVICE ORDER

Sufficient cause having been shown, IT IS HEREBY ORDERED that:

1. Pursuant to Federal Rules of Civil Procedure 4(f)(3) and 5 and N.Y. C.P.L.R. § 308, service of process may be made on and shall be deemed effective as to Defendants by email to Defendants' email addresses associated with the Infringing Sites as identified in Appendix B hereto ("Defendants' Email Addresses");

2. Plaintiffs may carry out alternate service of process as ordered herein by providing Defendants with a link to a File Transfer Protocol ("FTP") or other type of secure file-transmittal site to access .pdf copies of: 1) this *Ex Parte* Order; 2) the Summons and Complaint; and 3) all papers filed in support of Plaintiffs' Application.

3. Plaintiffs shall provide notice of this *Ex Parte* Order and Plaintiffs' papers in support of the Application to Defendants' Email Addresses within five (5) days of disclosure of all discovery sought concerning Defendants' Accounts with Financial Institutions as provided in the Expedited Discovery Order, but in no event later than thirteen (13) days from the date of this *Ex Parte* Order. Plaintiffs shall file proof of such service on the case docket within two (2) days of making such service.

It is SO ORDERED this____day of October, 2020, at_____a.m./p.m.

_____
UNITED STATES DISTRICT JUDGE