**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

ELSEVIER INC., BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC d/b/a MACMILLAN LEARNING, CENGAGE LEARNING, INC., MCGRAW HILL LLC, and PEARSON EDUCATION, INC.,

Plaintiffs,

v.

DOES 1 - 86 d/b/a 7YEC.COM, ALIBABADOWNLOAD.COM, APLUSTBSM.BLOGSPOT.COM, BOOSTGRADE.INFO, BUDDIEZ4U.MYSHOPIFY.COM, BUY-SOLUTIONS-MANUAL.COM, BUYTESTBANKONLINE.COM, CANADIANTESTBANKSOLUTIONS.BLOGSPOT.COM, COLLEGESTUDENTTEXTBOOK.ORG, CYBERTESTBANK.COM, DIGITALTESTBANKS.COM, DIGTEXT.COM, EBOOKAS.COM, EBOOKENTRY.COM, ETESTBANKS.COM, FINDTESTBANKS.COM, HOMETESTBANKS.COM, HWPREMIUM.COM, INSTRUCTORACCESS.COM, MAXIZZY.MYSHOPIFY.COM, NURSINGSTUDENTSHELP.COM, NURSINGTB.COM, NURSINGTESTBANK.INFO, NURSINGTESTBANK0.INFO, NURSINGTESTBANKS.CO, NURSINGTESTBANKTANK.COM, REALNURSINGTESTBANK.COM, RHYIBLE.MYSHOPIFY.COM, SOLUTIONSMANUAL888.WORDPRESS.COM, SOLUTIONTESTBANK.COM, SOLUTIONTESTBANK.NET, STUDENT-SAVER.BLOGSPOT.COM, STUDENTPUSH.COM, STUDENTS-EXAMS.COM, SWEETGRADES.COM, TB-BOOK.COM, TBMIRATE.COM, TEST-BANK-SOLUTION.BLOGSPOT.COM, TESTBANK.CC, TESTBANK.CO.COM, TESTBANK.SOLUTIONS, TESTBANK101.COM, TESTBANK2020.COM,

**Civil Action No.**

TESTBANKAIR.COM, TESTBANKANDSOLUTIONS.BLOGSPOT.COM, TESTBANKAREA.COM, TESTBANKBASE.COM, TESTBANKBYTE.COM, TESTBANKCLASSES.COM, TESTBANKCLICK.COM, TESTBANKDATA.COM, TESTBANKDB.COM, TESTBANKDEALS.COM, TESTBANKDOC.COM, TESTBANKFILES.COM, TESTBANKFIRE.COM, TESTBANKGRADE.COM, TESTBANKGROUP.COM, TESTBANKHOST.COM, TESTBANKHUT.COM, TESTBANKINC.COM, TESTBANKKING.COM, TESTBANKLAB.COM, TESTBANKLIB.COM, TESTBANKMANUALS.COM, TESTBANKNSOLUTIONS.COM, TESTBANKPAPER.COM, TESTBANKPASS.COM, TESTBANKPLANET.COM, TESTBANKQUESTIONS.COM, TESTBANKREAL.COM, TESTBANKS-SOLUTIONMANUAL.COM, TESTBANKS.NET, TESTBANKSHOP.NET, TESTBANKSLIST.WORDPRESS.COM, TESTBANKSOLUTION01.COM, TESTBANKSOLUTIONMANUAL.COM, TESTBANKSTER.COM, TESTBANKTEAM.COM, TESTBANKTOP.COM, TESTBANKTREE.COM, TESTBANKWORLD.ORG, TESTBANKY.COM, TESTMANGO.COM, TEXTBOOKSOLUTIONS.CC, and UNIVERSALSTUDYGUIDES.COM,

Defendants.

**DECLARATION OF MATTHEW I. FLEISCHMAN**

I, **MATTHEW I. FLEISCHMAN**, hereby declare, pursuant to 28 U.S.C. § 1746, as follows:

1. I am an associate at Oppenheim + Zebrak, LLP ("O+Z"), which represents Plaintiffs Elsevier Inc., Bedford, Freeman and Worth Publishing Group, LLC d/b/a Macmillan

Learning, Cengage Learning, Inc., McGraw Hill LLC, and Pearson Education, Inc. (collectively, "Plaintiffs") in this action. I submit this declaration in support of Plaintiffs' *Ex Parte* Application for a Temporary Restraining Order, Order to Show Cause Why a Preliminary Injunction Should Not Issue, Order Authorizing Expedited Discovery, and Order Authorizing Alternate Service. I have knowledge of the facts stated herein based on personal knowledge and my review of the documents, websites, and other information referenced herein. If called upon to do so, I am able to testify competently to the matters set forth below.

2. Plaintiffs and other publishers are suffering from rampant piracy involving the reproduction and distribution of unauthorized digital copies of their copyrighted works and the authorized use of their trademarks in the process. These works include not only textbooks, or eBooks as they are called in the digital format, but also test banks and instructor solutions manuals ("ISMs") that are important supplemental materials to the underlying textbooks. Pirates like the Defendants sell these infringing materials to consumers via wholly illegal and infringing websites, located at ever-changing and multiplying domain names (the "Infringing Sites" or "Sites"). Such piracy also often involves the unauthorized use of identical or substantially indistinguishable copies of Plaintiffs' trademarks in connection with their illegal sales and offers to sell.

3. Plaintiffs now seek (1) an order temporarily (a) enjoining further infringement and the facilitation of such infringement of Plaintiffs' textbooks and trademarks and (b) restraining the assets in the accounts used by Defendants to receive sales proceeds in connection with their illegal conduct; (2) an order to show cause why a preliminary injunction should not issue; (3) leave to serve targeted expedited discovery; and (4) permission to serve Defendants by electronic mail.

4. Based on my experience representing Plaintiffs in cases with very similar facts, the requested relief is critical for a number of reasons. First and foremost, the relief Plaintiffs seek is

necessary to halt Defendants' distribution of illegal and unauthorized copies of Plaintiffs' works and the infringing use of their trademarks. Absent the requested relief, the infringement will continue. Plaintiffs will suffer an indeterminable amount of financial harm due to the continued devaluation of their works and loss of textbook adoptions by professors and instructors, as well as the harm to their reputations in the higher education community. Second, Defendants' infringing activities have a significant impact on the general public, because they facilitate and encourage cheating. Third, Defendants appear to have expended considerable effort to conceal their identities and often use fictitious contact information to operate their Infringing Sites. After catching Defendants in their illegal operations, Plaintiffs should not have to rely upon those Defendants to first truthfully identify themselves, then to halt the sale of, additional infringing copies of Plaintiffs' works. And if Defendants are permitted to simply move their Infringing Sites to new locations or domain names, Plaintiffs will continue to be harmed and key evidence for use in this case will be lost forever. Finally, if Defendants receive advance notice of the temporary restraining order attaching Defendants' assets, Defendants will have the opportunity to moot Plaintiffs' ultimate relief simply by moving their assets to another account beyond the reach of this Court.

5. Also based on my experience representing Plaintiffs in cases with similar facts, I have repeatedly seen defendants, including those who sell infringing works online, violate injunctions restraining their assets in an attempt to thwart Plaintiffs' enforcement efforts. Therefore, Plaintiffs ask that the Court allow sufficient time for the intermediaries that Defendants use in connection with their illegal businesses, including, among others, domain name registrars, web hosts, cloud storage providers, proxy services, and payment processors, as well as financial institutions holding accounts associated with Defendants' Infringing Sites, to comply with the temporary restraining order and expedited discovery order before requiring that Defendants be

given notice of the *ex parte* order and this case. It typically takes intermediaries and financial institutions at least several days to locate, attach, and freeze the accounts and provide identifying information.

6. The relief Plaintiffs request is routinely granted in cases in this District and others that involve infringing operations like Defendants' businesses. In fact, the relief Plaintiffs seek is typical of that granted in similar cases brought by Plaintiffs (or a combination of Plaintiffs) in this District. *See, e.g. McGraw Hill LLC v. Does 1-63*, No. 20-cv-6368-GHW, Aug. 12, 2020 Temporary Restraining Order ("TRO") (Dkt. No. 3) and Sept. 10, 2020 Preliminary Injunction ("PI") (Dkt. No. 41), attached hereto as **Exhibit 1**; *Cengage Learning, Inc. v. Trung Kien Nguyen*, No. 20-cv-769-JGK, Jan. 29, 2020 TRO (Dkt. No. 11) and Feb. 24, 2020 PI (Dkt. No. 14), attached hereto as **Exhibit 2**; *Bedford, Freeman & Worth Publ. Grp., LLC v. Trung Kien Nguyen,* No. 19-cv-10524-LAK, Nov. 14, 2019 TRO (Dkt. No. 3) and Dec. 10, 2019 PI (Dkt. No. 13), attached hereto as **Exhibit 3**; *Pearson Educ., Inc. v. ABC Books LLC*, 19-cv-7642-RA, Aug. 15, 2019 TRO (Dkt. No. 29) and Sept. 11, 2019 PI (Dkt. No. 33), attached hereto as **Exhibit 4**; *Cengage Learning, Inc. v. Doe 1 d/b/a binghfran*, No. 18-cv-7382-VM, Aug. 15, 2018 TRO (Dkt. No. 3) and Sept. 7, 2018 PI (Dkt. No. 26), attached hereto as **Exhibit 5**; *Pearson Educ., Inc. v. Doe 1 d/b/a atmi7654*, 18-cv-402-DLC, Jan. 17, 2018 TRO (Dkt. No. 3) and Feb. 16, 2018 PI (Dkt. No. 34), attached hereto as **Exhibit 6**; *McGraw-Hill Global Educ. Holdings v. Khan*, No. 16-cv-9030-PGG, Nov. 21, 2016 TRO (Dkt. No. 3) and Dec. 5, 2016 PI (Dkt. No. 15), attached hereto as **Exhibit 7**; *McGraw-Hill Global Educ. Holdings v. Does 1-11*, No. 16-cv-9029-KBF, Nov. 21, 2016TRO (Dkt. No. 3) and Dec. 5, 2016 PI (Dkt. No. 13), attached hereto as **Exhibit 8**; *Pearson Educ., Inc. v. Jabber*, No. 16-cv-1244-UA-PAE, Feb. 29, 2016 TRO (Dkt. No. 13) and Mar. 8, 2016 PI (Dkt.

No. 16), attached hereto as **Exhibit 9**.[1]

7. For the foregoing reasons, proceeding *ex parte* by order to show cause is necessary and warranted, as is the specific relief requested. Plaintiffs have not made a previous application for similar relief against the Defendants as operators of the identified Infringing Sites.

I declare under penalty of perjury that the foregoing is true and correct.

Matthew I. Fleischman

Executed on October 9, 2020

[1] The orders cited above are attached hereto without the exhibits that accompany each order.