*Fleischman Declaration*

*Elsevier Inc. et al.*
*v.*
*Does 1-86 d/b/a 7yec.com et al.*

# Exhibit 2

JUDGE KOELTL

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CENGAGE LEARNING, INC., BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC d/b/a MACMILLAN LEARNING, ELSEVIER INC., MCGRAW HILL LLC, and PEARSON EDUCATION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> DOES 1 - 48 d/b/a ALLEBOOKSVITAL.COM, ANLIFESTYLES.COM, BLOGSHIRTS68.CLUB, BOOKDESKSHOP.COM, BOSSIVA.COM, DUPLANACA.COM, DURANBOOKS.COM, EBESTREADER.COM, EBOOK.ENGASTORE.COM, EBOOKCLOUDS.COM, EBOOKLISTTOP.COM, EBOOKSMARTLY.COM, EBOOKSNOW.ORG, EBOOKSPACES.COM, EBOOKSPOT.SHOP, EBOOKSROCKET.COM, ECOEBOOK.COM, EDUPLIFY.COM, EPERFECTEDU.COM, ESTORESELECT.COM, EVOMALLS.COM, FRIDAYCOLLECTION.MYSHOPIFY.COM, GOGOODDISCOUNT.COM, HLSHIRT.COM, HUNTERBUUK.COM, INTELLEGANTMARKETS.COM, IZIEBOOK.COM, JENLION.CO, JENWIND.CO, JOLOSTORE.COM, KA-SHOPP.MYSHOPIFY.COM, KIWIBOOKCLUB.MYSHOPIFY.COM, MAGIC.ENGASTORE.COM, NOAMALLS.COM, OSCARMALLS.COM, PAYVERSITYSTORE.MYSHOPIFY.COM, PRICEAIRSTORE.COM, RITZYISH.US, SHEELLAS.COM, SMART-EDU-STORE.MYSHOPIFY.COM, SOURCE4STUDENT.COM, STINGMALL.COM, STUDENTNCLASS.MYSHOPIFY.COM, STUDYHALLPRESS.COM, TEESPOPS.COM, TESTBANKKLICK.COM, TOPBOOKS.ZIPLOMA.COM, AND VALERIEHOPTOP.COM <br><br> Defendants. | **20 CV 00769** <br><br> Civil Action No. _Under Seal_ <br><br> [~~PROPOSED~~] 1) TEMPORARY RESTRAINING ORDER; 2) ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE; 3) EXPEDITED DISCOVERY ORDER; AND 4) ALTERNATE SERVICE ORDER ("EX PARTE ORDER") |

## EX PARTE ORDER

Plaintiffs Cengage Learning, Inc., Bedford, Freeman & Worth Publishing Group, LLC d/b/a Macmillan Learning, Elsevier Inc., McGraw Hill LLC, and Pearson Education, Inc. (collectively, "Plaintiffs") have moved *ex parte*, pursuant to, *inter alia*, Federal Rules of Civil Procedure 64 and 65, the Copyright Act (17 U.S.C. § 502(a)), and N.Y. C.P.L.R. §§ 6201 *et al.* against Defendants Does 1 – 48 (collectively, "Defendants"), doing business as, respectively, allebooksvital.com, anlifestyles.com, blogshirts68.club, bookdeskshop.com, bossiva.com, duplanaca.com, duranbooks.com, ebestreader.com, ebook.engastore.com, ebookclouds.com, ebooklisttop.com, ebooksmartly.com, ebooksnow.org, ebookspaces.com, ebookspot.shop, ebooksrocket.com, ecoebook.com, eduplify.com, eperfectedu.com, estoreselect.com, evomalls.com, fridaycollection.myshopify.com, gogooddiscount.com, hlshirt.com, hunterbuuk.com, intellegantmarkets.com, iziebook.com, jenlion.co, jenwind.co, jolostore.com, ka-shopp.myshopify.com, kiwibookclub.myshopify.com, magic.engastore.com, noamalls.com, oscarmalls.com, payversitystore.myshopify.com, priceairstore.com, ritzyish.us, sheellas.com, smart-edu-store.myshopify.com, source4student.com, stingmall.com, studentnclass.myshopify.com, studyhallpress.com, teespops.com, testbankklick.com, topbooks.ziploma.com, and valeriehoptop.com (the "Infringing Sites"), for 1) a temporary restraining order, 2) order to show cause why a preliminary injunction should not issue, 3) order authorizing expedited discovery, and 4) order authorizing alternate service by electronic mail (the "Application"). Plaintiffs so move the Court on the basis that Defendants are reproducing and distributing unauthorized electronic copies of Plaintiffs' copyrighted textbooks, as set forth in Plaintiffs' Complaint.

The Court, having reviewed the Complaint, Memorandum of Law, supporting

Declarations, and all other papers submitted therewith, makes the following findings of fact and conclusions of law:

## FACTUAL FINDINGS AND CONCLUSIONS OF LAW

1. Plaintiffs are likely to succeed in showing that Defendants have infringed and are continuing to infringe Plaintiffs' federally registered copyrights by reproducing and distributing unauthorized electronic copies of Plaintiffs' copyrighted textbooks ("Infringing eBooks"), including via the Infringing Sites.

2. The reproduction and/or distribution of the Infringing eBooks will result in immediate and irreparable injury to Plaintiffs if the requested relief is not granted.

3. The balance of potential harm to Defendants by being prevented from continuing to profit from their illegal and infringing activities if a temporary restraining order is issued is far outweighed by the harm to Plaintiffs, their businesses, and the value associated with Plaintiffs' copyrights if a temporary restraining order is not issued. Defendants are not harmed by being prevented from continuing to profit from illegal and infringing activities.

4. Public interest favors issuance of a temporary restraining order in order to protect Plaintiffs' interests in and to their respective copyrights, and to protect the public from being deceived and defrauded by Defendants' infringing copies of Plaintiffs' textbooks.

5. If Defendants are given notice of the Application and this *Ex Parte* Order prior to the date(s) by which Plaintiffs must serve Defendants, as set forth below, Defendants are likely to secrete, conceal, transfer, or otherwise dispose of the proceeds from and evidence of their sales of Infringing eBooks, thus preventing Plaintiffs from obtaining the information necessary to effectuate the asset freeze, determining the full extent of Defendants' illegal sales, and recovering the proceeds from the illegal sales.

3

6.  Without the requested expedited discovery, Plaintiffs will not be able to determine the true identities and locations of the Defendants, as well as obtain the information necessary to effectuate the asset freeze and determine the full extent of Defendants' illegal sales.

7.  Service on Defendants by electronic mail to the addresses used by Defendants to conduct their business on the Infringing Sites is reasonably calculated to provide actual notice to Defendants of Plaintiffs' claims, this Application, and the *Ex Parte* Order.

## ORDER TO SHOW CAUSE

Based on the foregoing, it is HEREBY ORDERED that Defendants shall appear on ___2/11___ 2020, at ___4:00___ a.m./p.m. in Courtroom ___14A___ of the United States District Court for the Southern District of New York at 500 Pearl Street / 40 Centre Street, New York, New York, to show cause why an order, pursuant to, *inter alia*, Federal Rules of Civil Procedure 64 and 65, the Copyright Act (17 U.S.C. § 502(a)), N.Y. C.P.L.R. §§ 6201 *et al.*, and the Court's inherent equitable authority, should not be entered, pending resolution of this case or further order of this Court, granting Plaintiffs a preliminary injunction enjoining Defendants, their respective officers, agents, employees, and attorneys, and all those in active concert or participation with any of them who receive actual notice of the order, in a manner substantially similar to the relief provided herein.

IT IS FURTHER ORDERED that Defendants' answering papers shall be filed and served upon Plaintiffs' counsel, by email to steve@oandzlaw.com, on or before ___2/6/20___, 2020, and Plaintiffs' reply papers, if any, shall be filed and served on Defendants on or before ___2/10___, 2020.

## TEMPORARY RESTRAINING ORDER

IT IS HEREBY ORDERED, in accordance with Federal Rules of Civil Procedure 64 and

4

65, the Copyright Act (17 U.S.C. § 502(a)), N.Y. C.P.L.R. §§ 6201 *et al.*, and the Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, and no prior application having been granted, that:

1. Defendants, their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with any of them who receive actual notice of this Temporary Restraining Order are enjoined from:

   a) Directly or indirectly infringing any copyrighted work that is owned or exclusively controlled by any of Plaintiffs ("Plaintiffs' Textbooks"), i.e., any copyrighted work published under any of the imprints identified on Exhibit A to the Complaint (attached hereto as Appendix A);

   b) Copying, reproducing, manufacturing, downloading, uploading, transmitting, distributing, selling, offering to sell, advertising, marketing, promoting, or otherwise exploiting any of Plaintiffs' Textbooks without Plaintiffs' express written authorization;

   c) Enabling, facilitating, permitting, assisting, soliciting, encouraging, or inducing the copying, reproduction, manufacture, download, upload, transmission, distribution, sale, offering for sale, advertisement, marketing, promotion, or other exploitation of any of Plaintiffs' Textbooks without Plaintiffs' express written authorization;

   d) Using, hosting, operating, maintaining, creating, or registering any computer server, website, domain name, domain name server, cloud storage, e-commerce platform, online advertising service, social media platform, or payment processing service to support the Infringing Sites or

5

    otherwise enable, facilitate, permit, assist, solicit, encourage, or induce the infringement of Plaintiffs' Textbooks, as set forth in subparagraphs (a) through (c) above.

  e) Transferring ownership or control of the websites, domain names, or accounts associated with Defendants' Infringing Sites.

  2. Defendants, their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with any of them who receive actual notice of this Temporary Restraining Order must immediately locate all accounts holding or receiving money or other assets owned, connected to, associated with, held by, or transferred in connection with Defendants' Infringing Sites or Defendants' sale of Plaintiffs' Textbooks ("Defendants' Accounts") and immediately cease transferring, withdrawing, or otherwise disposing of any money or other assets in Defendants' Accounts or allowing such money or other assets in Defendants' Accounts to be transferred, withdrawn, or otherwise disposed of. Defendants' Accounts include but are not limited to: (i) Defendants' accounts in connection with PayPal Inc., Stripe, Inc., Square, Shopify, and other providers of payment processing services to the Infringing Sites; and (ii) Defendants' accounts with banks, financial institutions, or payment processing companies not covered by the preceding 2(i) ("Financial Institutions") that have received money or other assets from Defendants' Accounts or otherwise received sales proceeds from Defendants or the Infringing Sites.

  IT IS FURTHER ORDERED that this Temporary Restraining Order shall remain in effect for fourteen (14) days unless extended by order of the Court.

  IT IS FURTHER ORDERED that Plaintiffs shall post security in the amount of $ _10,000.00_, by corporate surety bond, cash, credit card, or a certified or attorney's check. _by 1/31/20_

  IT IS FURTHER ORDERED that upon two (2) business days' written notice to the Court

and Plaintiffs' counsel, any Defendant or restrained third party may appear and move for the dissolution or modification of the provisions of this Temporary Restraining Order upon an appropriate evidentiary showing.

IT IS FURTHER ORDERED that restrained third parties and/or third parties from whom Plaintiffs seek expedited discovery as set forth in the Expedited Discovery Order below shall not provide Defendants with notice of this *Ex Parte* Order until Plaintiffs have notified such third parties that Defendants have been served with the *Ex Parte* Order. Within two (2) days of serving Defendants with the *Ex Parte* Order, as set forth in paragraph 3 of the Alternative Service Order below, Plaintiffs shall notify third parties with whom they have provided notice of this *Ex Parte* Order and/or sought expedited discovery hereunder that service upon Defendants has been effected, at which time any such third parties may provide notice to Defendants.

## EXPEDITED DISCOVERY ORDER

Sufficient cause having been shown, IT IS HEREBY ORDERED that:

1. Within two (2) days of receiving actual notice of this *Ex Parte* Order, Defendants, their officers, agents, servants, employees, and attorneys, and any individual or entity providing services to Defendants' Infringing Sites or to Defendants in connection with those activities referred to in paragraph 1 of the Temporary Restraining Order, shall provide to Plaintiffs' counsel, via email to steve@oandzlaw.com, written disclosure of the following information, regardless of whether such information physically resides in the United States or abroad:

   a) All names, physical addresses, email addresses, and Internet Protocol ("IP") addresses associated with Defendants or the Infringing Sites;

   b) Any other websites or domain names associated with or related to Defendants or the Infringing Sites, along with all names, physical addresses,

7

email addresses, and IP addresses associated with such websites and/or domain names;

c) Identification of Defendants' Accounts with Financial Institutions, including complete account numbers, and all names, physical addresses, email addresses, and IP addresses associated with Defendants' Accounts with Financial Institutions; and

d) The current balance held in Defendants' Accounts and Defendants' Accounts with Financial Institutions.

2. Plaintiffs may immediately issue expedited discovery requests to Defendants and/or seek via subpoena from relevant third parties, who shall provide within five (5) days of service of the requests or subpoena the following information, regardless of whether such information physically resides in the United States or abroad:

a) Defendants' sales of Plaintiffs' Textbooks from January 1, 2018 to the present, including the relevant title, ISBN, number of copies sold, price per copy, date sold, and purchaser's city and state;

b) Account statements and/or similar detail for Defendants' Accounts with Financial Institutions, including complete account numbers, current account balances, IP addresses used to access Defendants' Accounts, and the account holders' or signatories' true names, physical addresses, and email addresses;

c) With respect to a Financial Institution, information concerning its connection to the United States, including but not limited to information concerning U.S. dollar wire transfers to and from other countries as well as

8

properties owned, correspondent accounts, acquiring banks, and settlement accounts in the United States and/or used by Defendants; and

d) Any information specified in paragraph 1 of this Expedited Discovery Order that has not already been provided to Plaintiffs.

## **ALTERNATE SERVICE ORDER**

Sufficient cause having been shown, IT IS HEREBY ORDERED that:

1. Pursuant to Federal Rules of Civil Procedure 4(f)(3) and 5 and N.Y. C.P.L.R. § 308, service of process and service of subsequent documents may be made on and shall be deemed effective as to Defendants by email to Defendants' email addresses associated with the Infringing Sites as identified in Appendix B hereto ("Defendants' Email Addresses").

2. Plaintiffs may carry out alternate service of process by email as ordered herein by providing Defendants with a link to a File Transfer Protocol ("FTP") or other type of secure file-transmittal site to access .pdf copies of: 1) this *Ex Parte* Order; 2) the Summons and Complaint; and 3) all papers filed in support of Plaintiffs' Application.

3. Plaintiffs shall provide notice of this *Ex Parte* Order and Plaintiffs' papers in support of the Application to Defendants' Email Addresses within five (5) days of disclosure of all discovery sought concerning Defendants' Accounts with Financial Institutions as provided in the Temporary Restraining Order and/or Expedited Discovery Order, but in no event later than ten (10) days from the date of this *Ex Parte* Order. Plaintiffs shall file proof of such service on the case docket within two (2) days of making such service.

It is SO ORDERED this 29 day of January, 2020, at 3:57 a.m./p.m.

_____
UNITED STATES DISTRICT JUDGE

For the reasons explained above, there is good cause that all papers in this action be filed under seal until the defendants have been served. Therefore, all papers in this case are to be filed under seal until further order of the Court.

SO Ordered.

1/29/20.
U.S.D.J.

10

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CENGAGE LEARNING, INC., BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC d/b/a MACMILLAN LEARNING, ELSEVIER INC., MCGRAW HILL LLC, and PEARSON EDUCATION, INC., <br><br> Plaintiffs, <br> v. <br><br> DOE 1 d/b/a ALLEBOOKSVITAL.COM, DOE 2 d/b/a ANLIFESTYLES.COM, DOE 3 d/b/a BLOGSHIRTS68.CLUB, DOE 4 d/b/a BOOKDESKSHOP.COM, DOE 5 d/b/a BOSSIVA.COM, DOE 6 d/b/a DUPLANACA.COM, DOE 7 d/b/a DURANBOOKS.COM, DOE 8 d/b/a EBESTREADER.COM, DOE 9 d/b/a EBOOK.ENGASTORE.COM, DOE 10 d/b/a EBOOKCLOUDS.COM, DOE 11 d/b/a EBOOKLISTTOP.COM, DOE 12 d/b/a EBOOKSMARTLY.COM, DOE 13 d/b/a EBOOKSNOW.ORG, DOE 14 d/b/a EBOOKSPACES.COM, DOE 15 d/b/a EBOOKSPOT.SHOP, DOE 16 d/b/a EBOOKSROCKET.COM, DOE 17 d/b/a ECOEBOOK.COM, DOE 18 d/b/a EDUPLIFY.COM, DOE 19 d/b/a EPERFECTEDU.COM, DOE 20 d/b/a ESTORESELECT.COM, DOE 21 d/b/a EVOMALLS.COM, DOE 22 d/b/a FRIDAYCOLLECTION.MYSHOPIFY.COM, DOE 23 d/b/a GOGOODDISCOUNT.COM, DOE 24 d/b/a HLSHIRT.COM, DOE 25 d/b/a HUNTERBUUK.COM, DOE 26 d/b/a INTELLEGANTMARKETS.COM, DOE 27 d/b/a IZIEBOOK.COM, DOE 28 d/b/a JENLION.CO, DOE 29 d/b/a JENWIND.CO, DOE 30 d/b/a JOLOSTORE.COM, DOE 31 d/b/a KA-SHOPP.MYSHOPIFY.COM, DOE 32 d/b/a KIWIBOOKCLUB.MYSHOPIFY.COM, DOE 33 d/b/a MAGIC.ENGASTORE.COM, DOE 34 d/b/a NOAMALLS.COM, DOE 35 d/b/a | Case No. 20-cv-769-JGK |

| |
|---|
| OSCARMALLS.COM, DOE 36 d/b/a PAYVERSITYSTORE.MYSHOPIFY.COM, DOE 37 d/b/a PRICEAIRSTORE.COM, DOE 38 d/b/a RITZYISH.US, DOE 39 d/b/a SHEELLAS.COM, DOE 40 d/b/a SMART-EDU-STORE.MYSHOPIFY.COM, DOE 41 d/b/a SOURCE4STUDENT.COM, DOE 42 d/b/a STINGMALL.COM, DOE 43 d/b/a STUDENTNCLASS.MYSHOPIFY.COM, DOE 44 d/b/a STUDYHALLPRESS.COM, DOE 45 d/b/a TEESPOPS.COM, DOE 46 d/b/a TESTBANKKLICK.COM, DOE 47 d/b/a TOPBOOKS.ZIPLOMA.COM, AND DOE 48 d/b/a VALERIEHOPTOP.COM |
| Defendants. |

## [PROPOSED] PRELIMINARY INJUNCTION

Plaintiffs Cengage Learning, Inc., Bedford, Freeman & Worth Publishing Group, LLC d/b/a Macmillan Learning, Elsevier Inc., McGraw Hill LLC, and Pearson Education, Inc. (collectively, "Plaintiffs") have moved against Defendants Does 1 – 48 (collectively, "Defendants"), doing business as, respectively, allebooksvital.com, anlifestyles.com, blogshirts68.club, bookdeskshop.com, bossiva.com, duplanaca.com, duranbooks.com, ebestreader.com, ebook.engastore.com, ebookclouds.com, ebooklisttop.com, ebooksmartly.com, ebooksnow.org, ebookspaces.com, ebookspot.shop, ebooksrocket.com, ecoebook.com, eduplify.com, eperfectedu.com, estoreselect.com, evomalls.com, fridaycollection.myshopify.com, gogooddiscount.com, hlshirt.com, hunterbuuk.com, intellegantmarkets.com, iziebook.com, jenlion.co, jenwind.co, jolostore.com, ka-shopp.myshopify.com, kiwibookclub.myshopify.com, magic.engastore.com, noamalls.com, oscarmalls.com, payversitystore.myshopify.com, priceairstore.com, ritzyish.us, sheellas.com, smart-edu-store.myshopify.com, source4student.com, stingmall.com, studentnclass.myshopify.com, studyhallpress.com, teespops.com, testbankklick.com,

2

topbooks.ziploma.com, and valeriehoptop.com (the "Infringing Sites"), for a preliminary injunction pursuant to Federal Rules of Civil Procedure 64 and 65, the Copyright Act (17 U.S.C. § 502(a)), the Lanham Act (15 U.S.C. § 1116), and N.Y. C.P.L.R. § 6201. Plaintiffs proceed on the basis that Defendants are reproducing and distributing unauthorized electronic copies of Plaintiffs' copyrighted textbooks, as set forth in Plaintiffs' Complaint.

The Court, having reviewed the Complaint, Memorandum of Law, supporting Declarations, and all other papers submitted therewith, and the entire record herein, and having held a hearing on the Order to Show Cause on February 24, 2020, makes the following findings of fact and conclusions of law:

1. Plaintiffs have served Defendants with the Complaint and Exhibits A-C, the Court's January 29, 2020 Ex Parte Order ("Ex Parte Order"), and Plaintiffs' supporting papers in connection with the Ex Parte Order. *See* ECF No. 9.

2. The Court has personal jurisdiction over Defendants under N.Y. C.P.L.R. § 302(a), including on the grounds that Defendants sell unauthorized electronic copies of Plaintiffs' copyrighted textbooks ("Infringing eBooks") through highly interactive websites that are continuously accessible to New York consumers and/or have sold such Infringing eBooks to New York consumers, and Plaintiffs have been injured in New York by Defendants' infringing conduct.

3. Plaintiffs are likely to succeed in showing that Defendants have infringed and are continuing to infringe Plaintiffs' federally registered copyrights by reproducing and distributing the Infringing eBooks, including via the Infringing Sites.

4. The reproduction and/or distribution of the Infringing eBooks will result in immediate and irreparable injury to Plaintiffs if the requested relief is not granted.

3

5. The balance of potential harm to Defendants by being prevented from continuing to profit from their illegal and infringing activities if a preliminary injunction is issued is far outweighed by the harm to Plaintiffs, their businesses, and the value associated with Plaintiffs' copyrights if a temporary restraining order is not issued. Defendants are not harmed by being prevented from continuing to profit from illegal and infringing activities.

6. Public interest favors issuance of a preliminary injunction in order to protect Plaintiffs' interests in and to their respective copyrights, and to protect the public from being deceived and defrauded by Defendants' infringing copies of Plaintiffs' textbooks.

NOW, THEREFORE, IT IS HEREBY ORDERED, in accordance with Federal Rules of Civil Procedure 64 and 65, the Copyright Act (17 U.S.C. § 502(a)), the Lanham Act (15 U.S.C. § 1116), and the Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, and no prior application having been granted, that:

1. Defendants, their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with any of them who receive actual notice of this preliminary injunction are enjoined from:

   a) Directly or indirectly infringing any copyrighted work that is owned or exclusively controlled by any of Plaintiffs ("Plaintiffs' Textbooks"), i.e., any copyrighted work published under any of the imprints identified on Appendix A hereto;

   b) Copying, reproducing, manufacturing, downloading, uploading, transmitting, distributing, selling, offering to sell, advertising, marketing,

4

        promoting, or otherwise exploiting any of Plaintiffs' Textbooks without Plaintiffs' express written authorization;

   c)   Enabling, facilitating, permitting, assisting, soliciting, encouraging, or inducing the copying, reproduction, manufacture, download, upload, transmission, distribution, sale, offering for sale, advertisement, marketing, promotion, or other exploitation of any of Plaintiffs' Textbooks without Plaintiffs' express written authorization;

   d)   Using, hosting, operating, maintaining, creating, or registering any computer server, website, domain name, domain name server, cloud storage, e-commerce platform, online advertising service, social media platform, or payment processing service to support the Infringing Sites or otherwise enable, facilitate, permit, assist, solicit, encourage, or induce the infringement of Plaintiffs' Textbooks, as set forth in subparagraphs (a) through (c) above.

   e)   Transferring ownership or control of the websites, domain names, or accounts associated with Defendants' Infringing Sites.

2.    Defendants, their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with any of them who receive actual notice of this preliminary injunction, and any financial institutions, i.e., banks, payment processing companies, savings and loan associations, credit card companies, credit card processing agencies, merchant acquiring banks, or other companies or agencies that engage in the processing or transfer of money and/or other assets ("Financial Institutions"), who receive actual notice of this preliminary injunction, must immediately locate all accounts holding or receiving money or other assets owned,

connected to, associated with, held by, or transferred in connection with Defendants' Infringing Sites or Defendants' sale of Plaintiffs' Textbooks ("Defendants' Accounts") and immediately cease transferring, withdrawing, or otherwise disposing of any money or other assets in Defendants' Accounts or allowing such money or other assets in Defendants' Accounts to be transferred, withdrawn, or otherwise disposed of without prior Court approval, ^

3. Defendants, their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with any of them who receive actual notice of this preliminary injunction, shall not begin or continue to operate any website or other e-commerce business that offers for sale, sells, or otherwise reproduces or distributes electronic copies of textbooks, books, or journals without disclosing at least seven (7) days in advance to Plaintiffs' counsel, by email to fleischman@oandzlaw.com, the domain name, website location, and/or URL of such website or e-commerce business.

IT IS FURTHER ORDERED that the Court's Expedited Discovery Order contained in the Ex Parte Order shall remain in effect until further order of the Court.

IT IS FURTHER ORDERED that this Preliminary Injunction shall remain in effect until further order of the Court.

It is SO ORDERED this 24 day of February, 2020.

_____
John G. Koeltl
United States District Judge

*provided that no Financial Institution is required to locate any account or cease to transfer, withdraw or otherwise dispose of any assets in Defendants' Accounts to the extent that such Accounts cannot be reasonably located based on the information provided by the Plaintiff.*

6