*Fleischman Declaration*

*Elsevier Inc. et al.*
*v.*
*Does 1-86 d/b/a 7yec.com et al.*

# Exhibit 4

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

PEARSON EDUCATION, INC.; MCGRAW-HILL
GLOBAL EDUCATION HOLDINGS, LLC;
CENGAGE LEARNING, INC.; BEDFORD,
FREEMAN & WORTH PUBLISHING GROUP,
LLC; AND ELSEVIER INC.,

        Plaintiffs,

    v.

DOE 1 D/B/A TITANIUM-JO AND EVO BOOKS;
DOE 2 D/B/A PREMIUMDEALS_4 AND BOOKS
UNLIMITED MOBILE; DOE 3 D/B/A
EMICHEL47; DOE 4 D/B/A LEEKADATIONS;
DOE 5 D/B/A 24HOURSHIPMENT; DOE 6 D/B/A
TEXTBOOKS-HOLDER, CHALLENGE BOOK
STORE PVT. LTD., AND VS BOOKS; DOE 7
D/B/A SUPERGLY; DOE 8 D/B/A MAYLASC_0,
MMTRADELLC1, MMTRADELLC,
IBMCORP2012, LPULSATIONS, AND
LPULSATIONS; DOE 9 D/B/A LOFLON0,
WISDOM INFINITY, AND COBERT'S LITTLE
SHOP; DOE 10 D/B/A BOOKS MAZE AND
PACKOFBOOKS; CHARLES E. KRACHY;
TIMOTHY LENN MORGAN; JENNIFER DAWN
WORMAN; JANTANA PAPHALA; NAZIR
YAKUB BELIM; MICHAEL CHARLES MCKEE;
CHRISTOPHER CLAUDE AULT; HALLIE RUTH
MOORE; AND MARC HALAN BALDINGER,

        Defendants.

Civil Action No. 1:19-cv-7642-RA

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/11/19

## [PROPOSED] PRELIMINARY INJUNCTION

Plaintiffs Pearson Education, Inc., McGraw-Hill Global Education Holdings, LLC,

Cengage Learning, Inc., Bedford, Freeman & Worth Publishing Group, LLC, and Elsevier Inc.

(collectively, "Plaintiffs") have moved against Defendants Doe 1 d/b/a titanium-jo and EVO BOOKS; Doe 2 d/b/a premiumdeals_4 and Books Unlimited Mobile; Doe 3 d/b/a emichel47; Doe 4 d/b/a leekadations; Doe 5 d/b/a 24hourshipment; Doe 6 d/b/a textbooks-holder, CHALLENGE BOOK STORE PVT. LTD., and vs books; Doe 7 d/b/a supergly; Doe 8 d/b/a maylasc_0, ibmcorp2012, Lpulsations, and Lpulsations; Doe 9 d/b/a loflon0, Wisdom Infinity, and Cobert's Little Shop; Doe 10 d/b/a Books Maze and PackofBooks; Timothy Lenn Morgan; Jennifer Dawn Worman; Jantana Paphala; Nazir Yakub Belim; Michael Charles McKee; Hallie Ruth Moore; and Marc Halan Baldinger (hereinafter, collectively the "Defendants," and each a "Defendant") for a preliminary injunction pursuant to Federal Rule of Civil Procedure 65, the Copyright Act (17 U.S.C. § 502(a)), the Lanham Act (15 U.S.C. § 1116), and N.Y. C.P.L.R. § 6201. Plaintiffs proceed on the basis that Defendants are distributing, offering for sale and/or selling counterfeits of Plaintiffs' textbooks, *i.e.*, unauthorized copies of Plaintiffs' copyrighted works bearing Plaintiffs' federally registered trademarks, as set forth in Plaintiffs' Complaint.

The Court, having reviewed the Complaint, Memorandum of Law, supporting Declarations and exhibits submitted therewith, and the entire record herein, and having held a hearing on the Order to Show Cause on September 11, 2019, hereby makes the following findings of fact and conclusions of law:

A.     Plaintiffs served Defendants with the Complaint and Exhibits A -C, the Court's August 15, 2019 Ex Parte Order ("Ex Parte Order"), and Plaintiffs' Memorandum of Law with supporting Declarations and exhibits. *See* ECF No. 15.

B.     Plaintiffs are likely to succeed in showing that Defendants have infringed and are continuing to infringe Plaintiffs' federally registered copyrights and trademarks in connection with Defendants' distribution, offering for sale, and/or sale of counterfeits of Plaintiffs' textbooks,

including via the following online storefronts:

(a)    tmorgan2017 (Seller URL: https://www.ebay.com/usr/tmorgan)

(b)    jennifermorgan2017 (Seller URL: https://www.ebay.com/usr/jennifermorgan2017)

(c)    titanium-jo (Seller URL: https://www.ebay.com/usr/titanium-jo)

(d)    EVO BOOKS (Amazon ID: A136JON7T922V8)

(e)    emichel47 (Seller URL: https://www.ebay.com/usr/emichel47)

(f)    itskawaiiaf (Seller URL: https://www.ebay.com/usr/itskawaiiaf)

(g)    leekadations (Seller URL: https://www.ebay.com/usr/leekadations)

(h)    24hourshipment (Seller URL: https://www.ebay.com/usr/24hourshipment)

(i)    textbooks-holder (Seller URL: https://www.ebay.com/usr/textbooks-holder)

(j)    CHALLENGE BOOK STORE PVT. LTD. (Seller URL: https://www.biblio.com/bookstore/challengebookstorecom-delhi)

(k)    vs books (Amazon ID: A22W7JDD80N485)

(l)    nazfozdar (Seller URL: https://www.ebay.com/usr/nazfozdar)

(m)    siulaw73 (Seller URL: https://www.ebay.com/usr/siulaw73)

(n)    supergly (Seller URL: https://www.ebay.com/usr/supergly)

(o)    Books Maze (Seller URL: https://www.valorebooks.com/seller/books-maze/19467)

(p)    PackofBooks (Seller URL: https://www.valorebooks.com/seller/packofbooks/12189)

(q)    premiumdeals_4 (Seller URL: https://www.ebay.com/usr/premiumdeals_4)

(r)    maylasc_0 (Seller URL: https://www.ebay.com/usr/maylasc_0)

(s)    ibmcorp2012 (Seller URL: https://www.ebay.com/usr/ibmcorp2012)

(t)    Lpulsations (Seller URL: https://www.alibris.com/stores/lpulsate)

(u)    Lpulsations (TextbookX URL: Unknown)

(v)    loflon0 (Seller URL: https://www.ebay.com/usr/loflon0)

(w)   Wisdom Infinity (Seller URL: https://www.abebooks.com/Wisdom-Infinity-Tampa-FL-U.S.A/70603583/sf)

(x)   Cobert's Little Shop (Amazon ID: A3PEZLGSVK3RT)

(y)   bigbluecape (Seller URL: https://www.ebay.com/usr/bigbluecape)

(z)   marbaldinge-0 (Seller URL: https://www.ebay.com/usr/marbaldinge-0)

(aa)  Books Unlimited Mobile (Amazon ID: A2WP1YLD2PHI9E)

(bb)  Books Unlimited Mobile (Seller URL: https://www.ecampus.com/mp/SellerRatings?v=153864)

(collectively, the "Online Storefronts"). Defendants operate the Online Storefronts on the eBay.com marketplace, as well as on Amazon.com, Abebooks.com, Alibris.com, TextbookX.com, Valore.com, eCampus.com, and Biblio.com.

C.    The distribution, offering for sale, and/or sale of counterfeit copies of Plaintiffs' textbooks will likely result in immediate and irreparable injury to Plaintiffs if the requested relief is not granted.

D.    The balance of potential harm to Defendants, if any, if a preliminary injunction is issued is outweighed by the harm to Plaintiffs, their businesses, and the value and goodwill associated with Plaintiffs' copyrights and trademarks if a preliminary injunction is not issued. Defendants would not be harmed by being prevented from continuing to profit from illegal and infringing activities.

E.    Public interest favors issuance of a preliminary injunction in order to protect Plaintiffs' interests in and to their respective copyrights and trademarks, and to protect the public from being deceived and defrauded by Defendants' counterfeit copies of Plaintiffs' higher-education textbooks.

NOW, THEREFORE, IT IS HEREBY ORDERED, in accordance with Federal Rule of Civil Procedure 65, the Copyright Act (17 U.S.C. § 502(a)), the Lanham Act (15 U.S.C. § 1116),

and the Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, and no prior application having been granted, that:

    1.    Defendants, their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with any of them who receive actual notice of this preliminary injunction, are enjoined from:

    a)    Directly or indirectly infringing any copyrighted work that is owned or exclusively controlled by any of Plaintiffs ("Plaintiffs' Works"), including any copyrighted work published under any of the imprints identified on Exhibit A to the Complaint (also attached hereto as **Appendix A)** (the "Imprints");

    b)    Directly or indirectly infringing any trademark that is owned or exclusively controlled by any of the Plaintiffs, including the trademarks identified on Exhibit C to the Complaint and/or associated with the Imprints on Appendix A ("Plaintiffs' Marks");

    c)    Directly or indirectly manufacturing, reproducing, importing, distributing (including returning goods purchased from another), offering for sale, and/or selling counterfeit copies of Plaintiffs' Works and/or Plaintiffs' Marks; and

    d)    Knowingly (i.e., with actual knowledge or reason to know) enabling, facilitating, permitting, assisting, soliciting, encouraging, or inducing others to directly or indirectly infringe, manufacture, reproduce, import, distribute, offer for sale, and/or sell counterfeit copies of Plaintiffs' Works and/or Plaintiffs' Marks.

    2.    Defendants, their officers, agents, servants, employees, and attorneys, all those in active concert or participation with any of them who receive actual notice of this injunction, and service providers to Defendants or other relevant third parties who receive actual notice of this injunction and operate or control accounts holding or receiving money or other assets related to or associated with Defendants' sales of Plaintiffs' Works ("Defendants' Accounts") must immediately locate all Defendants' Accounts and immediately cease transferring, withdrawing, or otherwise disposing of any money or other assets in Defendants' Accounts (or allowing such money or other assets in Defendants' Accounts to be transferred, withdrawn, or otherwise disposed

of), pending further order of this Court. Defendants' Accounts include but are not limited to: (a) Defendants' accounts with Online Marketplaces; and (b) Defendants' accounts with banks, financial institutions, PayPal, Inc., or other payment processing companies ("Financial Institutions") that have received money or other assets from Defendants' Accounts or otherwise received sales proceeds from Defendants' Online Storefronts.

3.      Defendants, their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with any of them with actual notice of this preliminary injunction, are enjoined from selling, distributing, transferring, and listing for sale all copies of Plaintiffs' Works pending an inspection by Plaintiffs, as provided below.

4.      Defendants, their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with any of them with actual notice of this preliminary injunction, must immediately locate all physical copies of Plaintiffs' Works that are within Defendants' possession, custody, or control, or held on behalf of or in association with any Defendant, and immediately cease selling, distributing, transferring, listing for sale, or disposing of such copies of Plaintiffs' Works pending an inspection by Plaintiffs, as provided below. This provision also extends to service providers to Defendants or other relevant third parties with actual notice of this preliminary injunction who have in their possession, custody, or control any of Plaintiffs' Works held on behalf of or in association with any Defendant. Any copies of Plaintiffs' Works determined by Plaintiffs during such inspections not to be counterfeit shall, upon Plaintiffs' notice of such determination, be exempt from this preliminary injunction.

5.      To facilitate the prompt inspection of Plaintiffs' Works, each Defendant shall provide to Plaintiffs (to the extent not already provided) a list of all physical copies of Plaintiffs' Works (the "Books") held by such Defendant or by a third party on behalf of or in association with

the Defendant. Plaintiffs shall identify to the respective Defendant and, as appropriate, any third party, all of the Books that Plaintiffs intend to inspect (the "Inspection Notice"). Within seven (7) days of receiving an Inspection Notice, each Defendant shall cause Plaintiffs' Books identified on the Inspection Notice to be shipped to Plaintiffs' counsel for purposes of conducting the inspection.

6.      Plaintiffs shall conduct the inspection promptly and provide their findings to each respective Defendant (the "Determination Notice"). Plaintiffs shall promptly return to each respective Defendant any Books on the Determination Notice that are not identified as counterfeit ("Unrestrained Textbooks"). The Unrestrained Textbooks and any Books that are not identified on the Inspection Notice shall be exempt from paragraph 3 of this preliminary injunction. However, Plaintiffs' decision not to identify one or more of Plaintiffs' Works on the Inspection Notice does not constitute a waiver or limitation of any rights, claims, or remedies that may be applicable, or any kind of admission or finding of fact or law that such corresponding Books are authentic.

7.      Plaintiffs' counsel shall hold and preserve as evidence all Books determined by Plaintiffs to be counterfeit ("Counterfeit Textbooks"), as identified in a Determination Notice, until this matter is concluded as to the respective Defendant. If requested by a Defendant, Plaintiffs shall make the Counterfeit Textbooks available to the respective Defendant for inspection at a time mutually convenient to Plaintiffs and such Defendant.

IT IS FURTHER ORDERED that, unless otherwise specified herein, the Court's Expedited Discovery Order contained in the Ex Parte Order shall remain in effect until further order of the Court.

IT IS FURTHER ORDERED that this Preliminary Injunction shall remain in effect until further order of the Court.

SO ORDERED this ___ day of _____, 2019.

_____
RONNIE ABRAMS
United States District Judge

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

PEARSON EDUCATION, INC.; MCGRAW-HILL
GLOBAL EDUCATION HOLDINGS, LLC;
CENGAGE LEARNING, INC.; BEDFORD,
FREEMAN & WORTH PUBLISHING GROUP,
LLC; AND ELSEVIER INC.,

> Plaintiffs,

v.

DOE 1 D/B/A TITANIUM-JO AND EVO
BOOKS; DOE 2 D/B/A PREMIUMDEALS_4
AND BOOKS UNLIMITED MOBILE; DOE 3
D/B/A EMICHEL47; DOE 4 D/B/A
LEEKADATIONS; DOE 5 D/B/A
24HOURSHIPMENT; DOE 6 D/B/A
TEXTBOOKS-HOLDER, CHALLENGE BOOK
STORE PVT. LTD., AND VS BOOKS; DOE 7
D/B/A SUPERGLY; DOE 8 D/B/A MAYLASC_0,
MMTRADELLC1, MMTRADELLC,
IBMCORP2012, LPULSATIONS, AND
LPULSATIONS; DOE 9 D/B/A LOFLON0,
WISDOM INFINITY, AND COBERT'S LITTLE
SHOP; DOE 10 D/B/A BOOKS MAZE AND
PACKOFBOOKS; CHARLES E. KRACHY;
TIMOTHY LENN MORGAN; JENNIFER DAWN
WORMAN; JANTANA PAPHALA; NAZIR
YAKUB BELIM; MICHAEL CHARLES MCKEE;
CHRISTOPHER CLAUDE AULT; HALLIE
RUTH MOORE; AND MARC HALAN
BALDINGER,

> Defendants.

Civil Action No. 19 CV 7642

**1) TEMPORARY RESTRAINING ORDER;
2) ORDER TO SHOW CAUSE WHY A
PRELIMINARY INJUNCTION SHOULD
NOT ISSUE; 3) EXPEDITED DISCOVERY
ORDER; AND 4) ALTERNATE SERVICE
ORDER**

## EX PARTE ORDER

Pearson Education, Inc., McGraw-Hill Global Education Holdings, LLC, Cengage

Learning, Inc., Bedford, Freeman & Worth Publishing Group, LLC, and Elsevier Inc. (hereinafter, collectively, "Plaintiffs," and each a "Plaintiff") have moved *ex parte*, pursuant to, *inter alia*, Federal Rules of Civil Procedure 64 and 65, the Copyright Act (17 U.S.C. § 502(a)), the Lanham Act (15 U.S.C. § 1116), and N.Y. C.P.L.R. §§ 6201, *et al*., against Doe 1 d/b/a titanium-jo and EVO BOOKS; Doe 2 d/b/a premiumdeals_4 and Books Unlimited Mobile; Doe 3 d/b/a emichel47; Doe 4 d/b/a leekadations; Doe 5 d/b/a 24hourshipment; Doe 6 d/b/a textbooks-holder, CHALLENGE BOOK STORE PVT. LTD., and vs books; Doe 7 d/b/a supergly; Doe 8 d/b/a maylasc_0, mmtradellc1, mmtradellc, ibmcorp2012, Lpulsations, and Lpulsations; Doe 9 d/b/a loflon0, Wisdom Infinity, and Cobert's Little Shop; Doe 10 d/b/a Books Maze and PackofBooks; Charles E. Krachy; Timothy Lenn Morgan; Jennifer Dawn Worman; Jantana Paphala; Nazir Yakub Belim; Michael Charles McKee; Christopher Claude Ault; Hallie Ruth Moore; and Marc Halan Baldinger (hereinafter, collectively, "Defendants," and each a "Defendant"), for:  1) a temporary restraining order, 2) order to show cause why a preliminary injunction should not issue, 3) order authorizing expedited discovery, and 4) order authorizing alternate service by electronic mail (the "Application").  Plaintiffs so move the Court on the basis that Defendants are distributing, offering for sale, and/or selling counterfeit copies of Plaintiffs' copyrighted textbooks, bearing Plaintiffs' federally registered trademarks, as set forth in Plaintiffs' Complaint.

The Court, having reviewed the Complaint, Memorandum of Law, supporting Declarations, and all other papers submitted therewith, makes the following findings of fact and conclusions of law:

## FACTUAL FINDINGS AND CONCLUSIONS OF LAW

A. Plaintiffs are likely to succeed in showing that Defendants have infringed and are continuing to infringe Plaintiffs' federally registered copyrights and trademarks in connection with Defendants' distribution, offering for sale, and/or sale of

counterfeit copies of Plaintiffs' textbooks, including via the following online storefronts:

(a)   ckrachy (Seller URL: https://www.ebay.com/usr/ckrachy)

(b)   tmorgan2017 (Seller URL: https://www.ebay.com/usr/tmorgan)

(c)   jennifermorgan2017 (Seller URL: https://www.ebay.com/usr/jennifermorgan2017)

(d)   titanium-jo (Seller URL: https://www.ebay.com/usr/titanium-jo)

(e)   EVO BOOKS (Amazon ID: A136JON7T922V8)

(f)   emichel47 (Seller URL: https://www.ebay.com/usr/emichel47)

(g)   itskawaiiaf (Seller URL: https://www.ebay.com/usr/itskawaiiaf)

(h)   leekadations (Seller URL: https://www.ebay.com/usr/leekadations)

(i)   24hourshipment (Seller URL: https://www.ebay.com/usr/24hourshipment)

(j)   textbooks-holder (Seller URL: https://www.ebay.com/usr/textbooks-holder)

(k)   CHALLENGE BOOK STORE PVT. LTD. (Seller URL: https://www.biblio.com/bookstore/challengebookstorecom-delhi)

(l)   vs books (Amazon ID: A22W7JDD80N485)

(m)   nazfozdar (Seller URL: https://www.ebay.com/usr/nazfozdar)

(n)   siulaw73 (Seller URL: https://www.ebay.com/usr/siulaw73)

(o)   supergly (Seller URL: https://www.ebay.com/usr/supergly)

(p)   Books Maze (Seller URL: https://www.valorebooks.com/seller/books-maze/19467)

(q)   PackofBooks (Seller URL: https://www.valorebooks.com/seller/packofbooks/12189)

(r)   premiumdeals_4 (Seller URL: https://www.ebay.com/usr/premiumdeals_4)

(s)   maylasc_0 (Seller URL: https://www.ebay.com/usr/maylasc_0)

(t)   mmtradellc1 (Seller URL: https://www.ebay.com/usr/mmtradellc1)

(u)   mmtradellc (Amazon ID: A1Z96GLX8DWR1A)

(v)     ibmcorp2012 (Seller URL: https://www.ebay.com/usr/ibmcorp2012)

(w)     Lpulsations (Seller URL: https://www.alibris.com/stores/lpulsate)

(x)     Lpulsations (TextbookX URL: Unknown)

(y)     loflon0 (Seller URL: https://www.ebay.com/usr/loflon0)

(z)     Wisdom Infinity (Seller URL: https://www.abebooks.com/Wisdom-Infinity-Tampa-FL-U.S.A/70603583/sf)

(aa)    Cobert's Little Shop (Amazon ID: A3PEZLGSVK3RT)

(bb)    kipault7 (Seller URL: https://www.ebay.com/usr/kipault7)

(cc)    Huckleberry's Books (AbeBooks ID: 54242160)

(dd)    HuckleberrysBooks (Amazon ID: A1FR74N6VHOO12)

(ee)    bigbluecape (Seller URL: https://www.ebay.com/usr/bigbluecape)

(ff)    marbaldinge-0 (Seller URL: https://www.ebay.com/usr/marbaldinge-0)

(gg)    Books Unlimited Mobile (Amazon ID: A2WP1YLD2PHI9E)

(hh)    Books Unlimited Mobile (Seller URL: https://www.ecampus.com/mp/SellerRatings?v=153864)

(the "Online Storefronts").  The Online Storefronts operate on eBay.com, as well as on Amazon.com, Abebooks.com, Alibris.com, TextbookX.com, Valore.com, eCampus.com, and Biblio.com (the "Online Marketplaces").

B.  The distribution, offering for sale, and/or sale of counterfeit copies of Plaintiffs' textbooks will likely result in immediate and irreparable injury to Plaintiffs if the requested relief is not granted.

C.  The balance of potential harm to Defendants, if any, if a temporary restraining order is issued is outweighed by the harm to Plaintiffs, their businesses, and the value and goodwill associated with Plaintiffs' copyrights and trademarks if a temporary restraining order is not issued. Defendants would not be harmed by being prevented

from continuing to profit from illegal and infringing activities.

D. Public interest favors issuance of a temporary restraining order in order to protect Plaintiffs' interests in and to their respective copyrights and trademarks, and to protect the public from being deceived and defrauded by Defendants' counterfeit copies of Plaintiffs' higher education textbooks.

E. Plaintiffs have well-founded fears that if Defendants are given notice of the Application, they are likely to conceal, transfer, or otherwise dispose of the proceeds from their sales of counterfeit copies of Plaintiffs' textbooks.

F. Service on Defendants by electronic mail to the addresses used by Defendants to conduct the business of their Online Storefronts, including the infringing activity, is reasonably calculated to provide actual notice of Plaintiffs' claims to Defendants.

G. Without the requested expedited discovery, Plaintiffs will not be able to continue identifying and locating Defendants and, ultimately, proceed with their claims and obtain final relief to which they are entitled.

## ORDER TO SHOW CAUSE

Based on the foregoing, it is HEREBY ORDERED that Defendants shall appear on the 5th day of September 2019, at 11:00 a.m. in Courtroom 1506 of the United States District Court for the Southern District of New York at 40 Centre Street, New York, New York, to show cause why an order, pursuant to, *inter alia*, Federal Rules of Civil Procedure 64 and 65, the Copyright Act (17 U.S.C. § 502(a)), the Lanham Act (15 U.S.C. § 1116), N.Y. C.P.L.R. §§ 6201, *et al.*, and the Court's inherent equitable authority, should not be entered, pending resolution of this case or further order of this Court, granting Plaintiffs a preliminary injunction enjoining Defendants, their respective officers, agents, servants, employees, and attorneys, and all those in active concert or participation with any of them who receive actual notice of the order, in a manner substantially

similar to the relief provided herein.

IT IS FURTHER ORDERED that Defendants' answering papers shall be filed and served upon Plaintiffs' counsel, by email to fleischman@oandzlaw.com, on or before August 30, 2019, and Plaintiffs' reply papers, if any, shall be filed and served on Defendants on or before September 4, 2019.

IT IS FURTHER ORDERED that any third party provided with notice of this *Ex Parte* Order for purposes of compliance with its terms shall not disclose the *Ex Parte* Order to Defendants until Plaintiffs have filed proof of service of the *Ex Parte* Order on Defendants on the case docket as provided in the Alternate Service Order below.

## TEMPORARY RESTRAINING ORDER

IT IS HEREBY ORDERED, in accordance with Federal Rules of Civil Procedure 64 and 65, the Copyright Act (17 U.S.C. § 502(a)), the Lanham Act (15 U.S.C. § 1116), N.Y. C.P.L.R. §§ 6201, *et al.*, and the Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, and no prior application having been granted, that:

1.     Defendants, their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with any of them who receive actual notice of this Temporary Restraining Order, are enjoined from:

a)     Directly or indirectly infringing any copyrighted work that is owned or exclusively controlled by any of the Plaintiffs ("Plaintiffs' Works"), including any copyrighted work published under any of the imprints identified on Exhibit B to the Complaint (attached hereto as **Appendix A**) (the "Imprints");

b)     Directly or indirectly infringing any trademark that is owned or exclusively controlled by any of the Plaintiffs, including the trademarks identified on Exhibit C to the Complaint and/or associated with the Imprints on Appendix A ("Plaintiffs' Marks");

6

c)   Directly or indirectly manufacturing, reproducing, importing, distributing (including returning goods purchased from another), offering for sale, and/or selling counterfeit copies of Plaintiffs' Works and/or Plaintiffs' Marks; and

d)   Knowingly enabling, facilitating, permitting, assisting, soliciting, encouraging or inducing others to directly or indirectly infringe, manufacture, reproduce, import, distribute, offer for sale, and/or sell counterfeit copies of Plaintiffs' Works and/or Plaintiffs' Marks.

2.     Defendants, their officers, agents, servants, employees, and attorneys, all those in active concert or participation with any of them who receive actual notice of this Temporary Restraining Order, and service providers to Defendants or other relevant third parties who receive actual notice of this Temporary Restraining Order and operate or control accounts holding or receiving money or other assets related to or associated with Defendants' sales of Plaintiffs' Works ("Defendants' Accounts") must immediately locate all Defendants' Accounts and immediately cease transferring, withdrawing, or otherwise disposing of any money or other assets in Defendants' Accounts (or allowing such money or other assets in Defendants' Accounts to be transferred, withdrawn, or otherwise disposed of), pending further order of this Court. Defendants' Accounts include but are not limited to:  (a) Defendants' accounts with Online Marketplaces; and (b) Defendants' accounts with banks, financial institutions, PayPal, Inc., or other payment processing companies ("Financial Institutions") that have received money or other assets from Defendants' Accounts or otherwise received sales proceeds from Defendants' Online Storefronts.

3.     Defendants, their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with any of them with actual notice of this Temporary Restraining Order, must immediately locate all physical copies of Plaintiffs' Works that are within any Defendant's possession, custody, or control, or held on behalf of or in association with any Defendant, and immediately cease selling, distributing, transferring, or disposing of such copies of Plaintiffs' Works pending an inspection by Plaintiffs as provided in the Expedited Discovery

Order below.  This provision also extends to service providers to Defendants or other relevant third parties with actual notice of this Temporary Restraining Order who have in their possession, custody, or control any of Plaintiffs' Works held on behalf of or in association with any Defendant. Any copies of Plaintiffs' Works determined by Plaintiffs during such inspections not to be counterfeit shall, upon Plaintiffs' notice of such determination, be exempt from this Temporary Restraining Order.

IT IS FURTHER ORDERED that this Temporary Restraining Order shall remain in effect for fourteen (14) days unless extended by order of the Court.

IT IS FURTHER ORDERED that Plaintiffs shall post security in the amount of $5,000 by corporate surety bond, cash, credit card, or a certified or attorney's check.

IT IS FURTHER ORDERED that upon two (2) business days' written notice to the Court and Plaintiffs' counsel, any Defendant or restrained third party may appear and move for the dissolution or modification of the provisions of this Temporary Restraining Order upon an appropriate evidentiary showing.

## **EXPEDITED DISCOVERY ORDER**

IT IS FURTHER ORDERED that:

1.      Within two (2) days of receiving actual notice of this *Ex Parte* Order, Defendants, their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with any of them, including the Online Marketplaces and PayPal, Inc., shall provide to Plaintiffs' counsel, by email at fleischman@oandzlaw.com, written disclosure of the following information, regardless of whether such information physically resides in the U.S. or abroad:

> a)      All names, physical addresses, email addresses, Internet Protocol ("IP") addresses, and seller identification numbers associated with Defendants or the Online Storefronts; and

b) Any other online storefronts or seller names associated with or related to Defendants or the Online Storefronts, along with all names, physical addresses, email addresses, IP addresses, and seller identification numbers corresponding to such online storefronts, seller names, and/or associated accounts.

2. IT IS FURTHER ORDERED that Plaintiffs may immediately issue expedited discovery requests to Defendants and/or seek via subpoena from the Online Marketplaces to Defendants or other relevant third parties, who shall provide within five (5) days of service of the requests or subpoena, the following information, regardless of whether such information physically resides in the U.S. or abroad:

a) Defendants' inventory of Plaintiffs' Works in a Defendant's or third party's possession, custody, or control, including the relevant title, ISBN, number of copies, and location of the inventory;

b) Defendants' sales of Plaintiffs' Works from August 1, 2017 to the present, including Defendants' gross revenues received and, for each transaction, the relevant title, ISBN, number of copies sold, price per copy, date sold, and purchaser's city and state; and

c) Any information specified in paragraph 1 immediately above that has not already been provided to Plaintiffs.

3. IT IS FURTHER ORDERED, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order, the Online Marketplaces shall identify any and all of Defendants' Accounts and Online Storefronts, and provide a summary report containing identifying and contact information for Defendants, limited to Defendants' true name, physical address, and e-mail addresses, and confirmation of said compliance with this Order.

4. IT IS FURTHER ORDERED that Plaintiffs may immediately issue expedited discovery requests and/or subpoenas seeking the inspection of Plaintiffs' Works held in inventory by a Defendant or by a third party on behalf of or in association with a Defendant. Plaintiffs and Defendants and, if applicable, Online Marketplaces, shall work cooperatively to coordinate the inspection of Plaintiffs' Works within twenty-one (21) days of Plaintiffs' request. Any of

9

Plaintiffs' Works that Plaintiffs confirm to be counterfeit through inspection shall be turned over to and/or held by Plaintiffs until this matter is concluded as to the respective Defendant. Plaintiffs shall provide notice of their determination to the respective Defendant promptly after completing the inspection. Plaintiffs shall promptly return any copies of Plaintiffs' Works that they do not determine to be counterfeit, and such works shall be immediately exempt from the Temporary Restraining Order.

5.    IT IS FURTHER ORDERED that no later than September 2, 2019, Plaintiffs show cause by letter as to why this Court should allow for expedited discovery of Defendants' financial information, beyond that described above, before the issuance of a preliminary injunction.

## ALTERNATE SERVICE ORDER

Sufficient cause having been shown, IT IS HEREBY ORDERED that:

1.    Pursuant to Federal Rule of Civil Procedure 4(f)(3) and N.Y. C.P.L.R. § 308, service of process may be made on and shall be deemed effective as to Doe Defendants by email to Doe Defendants' email addresses identified by the  Online Marketplaces as associated with or utilized by Defendants to operate the Online Storefronts.

2.    IT IS FURTHER ORDERED that Plaintiffs may carry out alternate service of process by email as ordered herein by providing Doe Defendants with a link to a secure website or File Transfer Protocol ("FTP") site from which Doe Defendants can download electronic copies of:  1) this Ex Parte Order; 2) the Summons and Complaint; and 3) all papers filed in support of Plaintiffs' Application. The same link shall be provided the electronic mail addresses of all Defendants.

IT IS FURTHER ORDERED that Plaintiffs shall provide notice of this *Ex Parte* Order and Plaintiffs' papers in support of the Application to all Defendants by email, at the email address identified by the Online Marketplaces as associated with or utilized by Defendants to operate the

10

Online Storefronts, within seven (7) days of the Online Marketplaces' identification of Defendants' email addresses as provided in the Expedited Discovery Order, but in no event later than ten (10) days from the date of this *Ex Parte* Order.  Plaintiffs shall file proof of such service on the case docket within two (2) days of making such service.

SO ORDERED.

_____

Hon. Ronnie Abrams, U.S.D.J.
August 15, 2019