*Fleischman Declaration*

*Elsevier Inc. et al.*
*v.*
*Does 1-86 d/b/a 7yec.com et al.*

# Exhibit 8

*FORREST, J*

JUDGE FORREST

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MCGRAW-HILL GLOBAL EDUCATION HOLDINGS, LLC, ELSEVIER, INC., JOHN WILEY & SONS, INC., CENGAGE LEARNING, INC., and PEARSON EDUCATION, INC.,<br><br>        Plaintiffs,<br><br>     v.<br><br>DOES 1-11 d/b/a www.exambyte.com, www.testbank360.com, and www.testguild.com,<br><br>        Defendants. | **16 CV 9029**<br><br>Case No. _____<br><br>~~[PROPOSED]~~ **ORDER TO SHOW CAUSE, TEMPORARY RESTRAINING ORDER, EXPEDITED DISCOVERY ORDER, AND ORDER AUTHORIZING ALTERNATE SERVICE** |

### ORDER TO SHOW CAUSE

Plaintiffs McGraw-Hill Global Education Holdings, LLC, Elsevier, Inc., John Wiley & Sons, Inc., Cengage Learning, Inc., and Pearson Education, Inc. (collectively, "Plaintiffs") have moved *ex parte* against Defendants Does 1-11 d/b/a www.exambyte.com, www.testbank360.com, and www.testguild.com ("Defendants") for a temporary restraining order, expedited discovery order, order authorizing alternate service, and order to show cause for preliminary injunction pursuant to Federal Rules of Civil Procedure 64 and 65, the Copyright Act (17 U.S.C. § 502(a)), and N.Y. C.P.L.R. § 6201.  Plaintiffs proceed on the basis that Defendants are reproducing, distributing, and selling unauthorized copies of Plaintiffs' copyrighted works as set forth in Plaintiffs' Complaint, the exclusive rights of which are owned or controlled by Plaintiffs.

The Court, having reviewed the Complaint, Memorandum of Law, supporting Declarations and exhibits submitted therewith, HEREBY FINDS:

A.     Plaintiffs are likely to succeed in showing that Defendants have infringed and are

continuing to infringe Plaintiffs' federally registered copyrights in connection with Defendants'

reproduction, distribution, and sale of unauthorized copies of Plaintiffs' copyrighted works

through:

> i. Various websites, including those located at www.exambyte.com,
>
> www.testbank360.com, and www.testguild.com ("Defendants' Sites");
>
> and

> ii. The email address billing@exambyte.com ("Defendants' Email
>
> Address");

B. The reproduction, distribution, and/or sale of unauthorized copies of Plaintiffs'

copyrighted works will result in immediate and irreparable injury to Plaintiffs if the relief

requested is not ordered; and

C. The harm to Plaintiffs from denial of the requested *ex parte* order outweighs the

harm to Defendants' legitimate interests against granting such order.

Therefore, IT IS HEREBY ORDERED that Defendants Does 1-11 d/b/a

www.exambyte.com, www.testbank360.com, and www.testguild.com shall appear on the

5ᵗʰ day of December 2016 at 10:00 a.m./p.m. in Courtroom 23B of the United

States District Court for the Southern District of New York at 500 Pearl Street / 40 Foley Square,

New York, New York, to show cause why an Order, pursuant to Federal Rules of Civil

Procedure 64 and 65, the Copyright Act (17 U.S.C. § 502(a)), N.Y. C.P.L.R. § 6201, and the

Court's equitable authority, should not be entered, pending resolution of this case or further order

of this Court, granting Plaintiffs a preliminary injunction enjoining Defendants, their officers,

directors, agents, servants, representatives, employees, successors, and assigns, and all those

acting in concert or in participation with any of them, in a manner substantially similar to the

2

relief provided in the Temporary Restraining Order below.

IT IS FURTHER ORDERED that Defendants' answering papers shall be filed and served upon the attorneys for Plaintiffs, by email to kerry@oandzlaw.com, by the 30ᵀᴴ day of November, 2016, and Plaintiffs' reply papers, if any, shall be filed and served on Defendants by the 2ℓ day of December, 2016.

## **TEMPORARY RESTRAINING ORDER**

IT IS HEREBY ORDERED, in accordance with Rule 64 of the Federal Rules of Civil Procedure, N.Y. C.P.L.R. § 6201, and the Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, and no prior application having been granted, that:

1.      Defendants, their officers, directors, agents, servants, representatives, employees, successors, and assigns, and all those acting in concert or in participation with any of them, are enjoined from:

   a)      Directly or indirectly infringing any copyrighted work that is owned or controlled by any of Plaintiffs (or any parent, subsidiary, or affiliate of Plaintiffs) ("Plaintiffs' Works");

   b)      Copying, reproducing, downloading, distributing, uploading, transmitting, displaying, or otherwise exploiting without authorization any of Plaintiffs' Works;

   c)      Enabling, facilitating, permitting, assisting, soliciting, encouraging or inducing others to copy, reproduce, download, distribute, upload, transmit, display, or otherwise exploit without authorization any of Plaintiffs'

Works; and

d)    Using, operating, maintaining, assisting, distributing, or supporting any computer server, website, software, domain name, email address, social media account, bank account, or payment processing system in connection with the infringement of any of Plaintiffs' Works.

2.    Defendants, their officers, directors, agents, servants, representatives, employees, successors, and assigns, and all those acting in concert or in participation with any of them, shall not transfer ownership or control of the websites or domain names associated with Defendants' Sites.

3.    Defendants, their officers, directors, agents, servants, representatives, employees, successors, and assigns, and all those acting in concert or in participation with any of them, and any banks, credit card companies, credit card processing agencies, merchant acquiring banks, payment processing providers, and/or other financial service providers of Defendants, or any of them, must, upon receiving actual notice of this Temporary Restraining Order, immediately locate all accounts connected to any of Defendants or Defendants' Sites and immediately cease transferring or disposing of any money or other assets residing in such accounts, cease allowing such funds to be transferred or withdrawn, and cease allowing any diminutions to be made from such accounts pending further order of this Court. This includes but is not limited to:

a)  any and all PayPal Inc. or other accounts associated with, or used to process or receive payment for, to, or on behalf of any of Defendants or Defendants' Sites and/or Defendants' Email Address (hereinafter, "Payment Accounts");

b)  any and all bank accounts, credit card or debit accounts, or other financial

4

service accounts linked to or associated with any Payment Accounts; and

c) any and all accounts with any financial institutions responsible for processing or receiving payment for purchases that are associated with or made in connection with Defendants or Defendants' Sites and/or Defendants' Email Address.

IT IS FURTHER ORDERED that service of this Order to Show Cause and Temporary Restraining Order and Plaintiffs' moving papers shall be made by email to Defendants' Email Address within three (3) business days.

IT IS FURTHER ORDERED that this Temporary Restraining Order shall remain in effect until the date for hearing on the Order to Show Cause set forth above, or such further date as set by the Court.

IT IS FURTHER ORDERED that, within three (3) business days' written notice to the Court and Plaintiffs' counsel, any Defendant or restrained third party may appear and move for the dissolution or modification of the provisions of this Temporary Restraining Order upon an appropriate evidentiary showing by a Defendant.

~~IT IS FURTHER ORDERED that Plaintiffs shall post security in the amount of $_____, by corporate surety bond, cash, credit card, or a certified or attorney's check.~~ LBF

## EXPEDITED DISCOVERY ORDER

IT IS HEREBY ORDERED that Plaintiffs' motion for leave to take expedited discovery, prior to a Rule 26(f) conference, is GRANTED.  Plaintiffs may issue Rule 45 subpoenas to current and former third-party service providers of Defendants' Sites, including but not limited to PayPal, Inc., GoDaddy.com, LLC, LaunchPad.com, Inc., Hostgator.com, CloudFlare, Inc., and

WebsiteWelcome.com, in order to determine Defendants' true names, aliases, current (and permanent) addresses, and email, and to identify Defendants' accounts used to receive, transfer, or send funds or payments in connection with their allegedly illegal activities, including any Payment Accounts used to process payments to, from, or on behalf of Defendants or any of Defendants' Sites; and such subpoena recipients shall produce any responsive records within ten (10) days of receiving actual notice of this Order.

## **ALTERNATE SERVICE ORDER**

IT IS HEREBY ORDERED that, sufficient cause having been shown, Plaintiffs' motion for an order authorizing alternate service is GRANTED, and service of process shall be made on Defendants pursuant Federal Rule of Civil Procedure 4(f)(3) by delivering electronic copies of this Order, the Summons, and Complaint to Defendants' Email Address: billing@exambyte.com.

IT IS FURTHER ORDERED that such alternate service shall be made ~~within three (3)~~ not later than 11/23/16 at 10 am. ~~business days of this Order.~~ A Certificate of service shall be filed on the docket the same day, listing all email addresses to which service was made. (ESP)

SO ORDERED this 21ˢᵗ day of ___November___, 2016.

_____
United States District Judge

Also ordered

In addition, plaintiffs shall file all papers in support of this application on the public docket not later than 11/23/16 at 10am.
(LLS. ____)

vgf

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

MCGRAW-HILL GLOBAL EDUCATION
HOLDINGS, LLC, ELSEVIER, INC., JOHN WILEY
& SONS, INC., CENGAGE LEARNING, INC., and
PEARSON EDUCATION, INC.,

        Plaintiffs,

        v.

DOES 1-11 d/b/a www.exambyte.com,
www.testbank360.com, and www.testguild.com,

        Defendants.

**Case No. 16-cv-9029-KBF**

## [PROPOSED] PRELIMINARY INJUNCTION

Upon Plaintiffs' *ex parte* application against Defendants Does 1-11 ("Defendants") for,

*inter alia*, an order to show cause for preliminary injunction, pursuant to Federal Rules of Civil

Procedure 64 and 65, the Copyright Act (17 U.S.C. § 502(a)), and N.Y. C.P.L.R. § 6201, the

accompanying Memorandum of Law, supporting Declarations, and exhibits submitted therewith,

the Preliminary Injunction Hearing held on December 5, 2016, *at which defendants failed to appear,* the Complaint, and the entire

record herein, the Court **HEREBY FINDS**:

    A.    Plaintiffs are likely to succeed in showing that Defendants have infringed and are

continuing to infringe Plaintiffs' federally registered copyrights in connection with Defendants'

reproduction, distribution, and sale of unauthorized copies of Plaintiffs' copyrighted works

through:

        i.    Various websites, including those located at www.exambyte.com,

            www.testbank360.com, and www.testguild.com ("Defendants' Sites");

            and

      ii.    The email address billing@exambyte.com ("Defendants' Email Address");

B.    The reproduction, distribution, and/or sale of unauthorized copies of Plaintiffs' copyrighted works will result in immediate and irreparable injury to Plaintiffs if the relief requested is not ordered; and

C.    The harm to Plaintiffs from denial of the preliminary injunction outweighs the harm to Defendants' legitimate interests against granting such order.

Therefore, **IT IS HEREBY ORDERED** that:

1.    Defendants, their officers, directors, agents, servants, representatives, employees, successors, and assigns, and all those acting in concert or in participation with any of them, are enjoined from:

    a)    Directly or indirectly infringing any copyrighted work that is owned or controlled by any of Plaintiffs (or any parent, subsidiary, or affiliate of Plaintiffs) ("Plaintiffs' Works");

    b)    Copying, reproducing, downloading, distributing, uploading, transmitting, displaying, or otherwise exploiting without authorization any of Plaintiffs' Works;

    c)    Enabling, facilitating, permitting, assisting, soliciting, encouraging or inducing others to copy, reproduce, download, distribute, upload, transmit, display, or otherwise exploit without authorization any of Plaintiffs' Works; and

    d)    Using, operating, maintaining, assisting, distributing, or supporting any computer server, website, software, domain name, email address, social

media account, bank account, or payment processing system in connection with the infringement of any of Plaintiffs' Works.

2.    Defendants, their officers, directors, agents, servants, representatives, employees, successors, and assigns, and all those acting in concert or in participation with any of them, shall not transfer ownership or control of the websites or domain names associated with Defendants' Sites.

3.    Defendants, their officers, directors, agents, servants, representatives, employees, successors, and assigns, and all those acting in concert or in participation with any of them, and any banks, credit card companies, credit card processing agencies, merchant acquiring banks, payment processing providers, and/or other financial service providers of Defendants, or any of them, must, upon receiving actual notice of this ~~Temporary Restraining Order~~ *Preliminary Injunction*, immediately *KBF* locate all accounts connected to any of Defendants or Defendants' Sites and immediately cease transferring or disposing of any money or other assets residing in such accounts, cease allowing such funds to be transferred or withdrawn, and cease allowing any diminutions to be made from such accounts pending further order of this Court.  This includes but is not limited to:

  a)  any and all PayPal Inc. or other accounts associated with, or used to process or receive payment for, to, or on behalf of any of Defendants or Defendants' Sites and/or Defendants' Email Address (hereinafter, "Payment Accounts");

  b)   any and all bank accounts, credit card or debit accounts, or other financial service accounts linked to or associated with any Payment Accounts; and

  c)  any and all accounts with any financial institutions responsible for processing or receiving payment for purchases that are associated with or

made in connection with Defendants or Defendants' Sites and/or

Defendants' Email Address.

IT IS FURTHER ORDERED that service of this Preliminary Injunction shall remain in

effect throughout the pendency of this action, or such further date as set by the Court.

IT IS FURTHER ORDERED that Plaintiffs shall serve this Preliminary Injunction on

Defendants by email pursuant to the Alternate Service Order (ECF No. 3) and file a certificate of

service on the docket listing all email address to which service was made.


SO ORDERED this 5th day of December, 2016.


_____

United States District Judge