*Fleischman Declaration*

*Elsevier Inc. et al.*
*v.*
*Does 1-86 d/b/a 7yec.com et al.*

# Exhibit 9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PEARSON EDUCATION, INC., MCGRAW-HILL GLOBAL EDUCATION HOLDINGS, LLC, JOHN WILEY & SONS, INC., and CENGAGE LEARNING, INC.,

         Plaintiffs,

 -v-

FADI JABBER, AMMAR JABER, AHMAD BRHAM, and DOES 1 – 11 d/b/a www.testbank-for.com, www.instructor-resources.com, www.testbank-resources.com, www.testbank-ebooks.com, www.testbank-testbank.net, www.testbanktestbank.com, www.university-testbank.com, www.testbank-sales.com, and www.testbankexpert.com,

         Defendants.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/29/16

No. 16-cv-1244 (UA)
EX PARTE ORDER

RICHARD J. SULLIVAN, District Judge:

  On February 18, 2016, Plaintiffs filed a Complaint alleging that Defendants have infringed Plaintiffs' validly owned or controlled copyrights by reproducing, distributing, and selling unauthorized copies of Plaintiffs' copyrighted works. Specifically, Plaintiffs allege that they publish widely used academic textbooks and supplemental materials (Compl. ¶ 14), for which they generally own or control the copyrights, including the copyrights to certain specific materials listed in declarations submitted by Plaintiffs ("Listed Works") (Compl. ¶ 16). The supplemental materials include "instructor solutions manuals," which are guides that provide solutions to questions from a specific textbook, and "test banks," which are sets of questions, and sometimes answers, intended for use by instructors in connection with a specific textbook. (Compl. ¶ 15.) Because professors and instructors use these supplemental materials to create lesson plans,

homework assignments, and exams for grading purposes, instructor solutions manuals and test banks generally are not made available to students, and their value is compromised if they become widely available to students. (*Id.*)

Defendants own, control, and operate multiple websites, including:

www.testbank-for.com
www.instructor-resources.com
www.testbank-resources.com
www.testbank-ebooks.com
www.testbank-testbank.net

www.testbanktestbank.com
www.university-testbank.com
www.testbank-sales.com
www.testbankexpert.com

(collectively, "Sites"). (Compl. ¶ 20.) Using these Sites, Defendants create and store unauthorized digital copies of Plaintiffs' instructor solutions manuals and test banks. (Compl. ¶ 23.) Generally speaking, the Sites either sell these materials to customers or redirect customers to the Sites that do the selling. (Compl. ¶ 24.) Plaintiffs have made test purchases from Defendants' Sites, which confirmed that the Sites provide customers with complete, unauthorized digital copies of Plaintiffs' instructor solutions manuals and test banks (Compl. ¶ 28), thus infringing on Plaintiffs' copyrights.

Defendants have attempted to conceal their identities through a variety of methods, including not using real names or physical addresses on their Sites, using a proxy service for domain name registration, and providing false information to the domain name registrars. (Compl. ¶ 33.) Defendants also conduct business solely by email and over the Internet, using multiple email addresses including:

testbaaank-sales@hotmail.com
testbaaank@hotmail.com
engineerjaber@hotmail.com
engineerjaber@yahoo.com
ahmad_aauj_2008@hotmail.com
alshahroorjaber@gmail.com
ranoodyamoon@hotmail.com

melemco-ammar@hotmail.com
retal-kenan@hotmail.com
testbankhello@gmail.com
ammarjaber_87@yahoo.com
tb-2013-sm@hotmail.com
jabber_tb.sm@hotmail.com
paymoneyforme@gmail.com

2

(collectively, "Defendants' Email Addresses"). (Compl. ¶¶ 21, 33.) Defendants also act under various names or aliases, including Fadi Jabber a/k/a Fadi Jaber, Ammar Jaber, and Ahmad Brham (collectively, "Defendants' Aliases"). (Compl. ¶ 22.)

On February 18, 2016, along with their Complaint, Plaintiffs filed an *ex parte* application seeking, pursuant to Federal Rules of Civil Procedure 64 and 65, the Copyright Act (17 U.S.C. § 502(a)), and N.Y. C.P.L.R. § 6201, (1) a temporary restraining order, (2) an expedited discovery order, (3) an order authorizing service of process by email, and (4) an order requiring Defendants to appear and show cause why a preliminary injunction should not be issued. The Court will address each in turn.

## I. TEMPORARY RESTRAINING ORDER

The Court has the authority to "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). A plaintiff seeking a temporary restraining order must demonstrate: (1) "either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the [plaintiff]'s favor," (2) "that he is likely to suffer irreparable injury in the absence of an injunction," (3) that "the balance of hardships between the plaintiff and defendant . . . tips in the plaintiff's favor," and (4) that the "public interest would not be disserved" by the issuance of an injunction. *Salinger v. Colting*, 607 F.3d 68, 79-80 (2d Cir. 2010) (citations omitted). "To maintain an action for infringement, a plaintiff must establish '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *Kwan v. Schlein*, 634 F.3d 224, 229 (2d Cir. 2011) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).

Upon review of Plaintiffs' Complaint, Memorandum of Law, and supporting Declarations and Exhibits, the Court finds that Plaintiffs are indeed likely to succeed in establishing that (1) they are the owners or controllers of valid copyrights in the Listed Works, and (2) Defendants' alleged actions, including their use of the Sites to reproduce, store, and sell unauthorized copies of the Listed Works, have infringed on, and continue to infringe on, Plaintiffs' valid copyrights. Accordingly, Plaintiffs have demonstrated a likelihood of success on the merits of their copyright infringement claim. Further, the likely infringement appears ongoing and likely to deprive Plaintiffs of sales, a difficult harm to measure and adequately compensate with monetary damages. *See Salinger*, 607 F.3d at 81 ("courts have tended to issue injunctions" in the copyright infringement context because "'to prove the loss of sales due to infringement is . . . notoriously difficult'") (citation omitted). Thus, Plaintiffs also have demonstrated that they will likely suffer irreparable harm in the absence of an injunction.

With respect to the remaining equitable considerations, the Court finds that the balance of hardships weighs in Plaintiffs' favor and that the public interest would not be disserved by injunctive relief here. As noted above, Plaintiffs have demonstrated a likelihood of success on their copyright infringement claim and likely irreparable harm from continued infringement. As for Defendants, "'[i]t is axiomatic that an infringer of copyright cannot complain about the loss of ability to offer its infringing product.'" *WPIX, Inc. v. ivi, Inc.*, 691 F.3d 275, 287 (2d Cir. 2012) (citation omitted). Further, while there exists a "public interest in the broad accessibility of creative works," the public also "has a compelling interest in protecting copyright owners' marketable rights to their work and the economic incentive to continue creating" material. *Id.* Here, the public interest is clearly served by protecting the rights of valid copyright holders.

4

Finally, because Plaintiffs seek an *ex parte* temporary restraining order, the Court must determine whether "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and "(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). Having carefully reviewed the materials provided by Plaintiffs, the Court finds that Defendants' alleged use of multiple websites (Compl. ¶ 20), email addresses (Compl. ¶ 21), and aliases (Compl. ¶ 22) to operate their allegedly infringing enterprise demonstrates the likelihood that, if Defendants were to receive advance notice of Plaintiffs' application for an injunction freezing Defendants' assets, Defendants could moot Plaintiffs' ultimate relief by moving their assets beyond the reach of the Court. Accordingly, the Court finds that a temporary restraining order is clearly warranted here.

## II. EXPEDITED DISCOVERY

"A party may seek expedited discovery before the Federal Rules of Civil Procedure Rule 26(f) conference when authorized by a court order." *Next Phase Distrib., Inc. v. John Does 1-27*, 284 F.R.D. 165, 171 (S.D.N.Y. 2012) (citing Fed. R. Civ. P. 26(d)(1)). Courts in this District "use a 'flexible standard of reasonableness and good cause' when considering whether to grant such an order." *Id.* (citation omitted). Additionally, "[c]ourts in this District have found 'good cause' for expedited discovery to determine the identity of John Doe defendants where the plaintiff has stated a prima facie case and is unable to identify the defendants without a court-ordered subpoena." *AdMarketplace, Inc. v. Tee Support, Inc.*, No. 13-cv-5635 (LGS), 2013 WL 4838854, at *2 (S.D.N.Y. Sept. 11, 2013) (collecting cases). The Court finds that Plaintiffs have shown good cause for expedited discovery to identify Defendants and the accounts used by Defendants in

5

furtherance of their alleged infringement of Plaintiffs' copyrights, and that the scope of the expedited discovery, as set forth in the Order below, is reasonable.

### III. SERVICE BY EMAIL

Defendants' addresses are unknown. Regardless of whether Defendants reside in the United States or in a foreign country, the Court finds that service via Defendants' Email Addresses is appropriate and satisfies due process here.

If Defendants reside in the United States, Federal Rule of Civil Procedure 4(e) applies, which permits service that "follow[s] state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located," Fed. R. Civ. P. 4(e)(1) – here, New York State. Rule 308(5) of the New York Civil Practice Law and Rules permits service "in such manner as the court, upon motion without notice, directs, if service is impracticable under paragraphs one, two and four of this section." N.Y. C.P.L.R. § 308. Because Defendants appear to have concealed their true identities and contact information, apart from the email addresses Plaintiffs have identified (Compl. ¶ 21), and because Defendants communicate with customers primarily (or even exclusively) through email and over the Internet (Compl. ¶ 33; Feb. 16, 2016 Declaration of Lindsey Skov ¶¶ 13, 22-30), the Court finds that service under N.Y. C.P.L.R. § 308(1), (2), and (4) is impracticable, and that service by email is appropriate and satisfies due process here. *See Alfred E. Mann Living Trust v. ETIRC Aviation S.a.r.l.*, 78 A.D.3d 137, 141 (N.Y. App. Div. 1st Dep't 2010) ("both New York courts and federal courts have, upon application by plaintiffs, authorized e-mail service of process as an appropriate alternative method when the statutory methods have proven ineffective") (collecting cases).

If Defendants reside in a foreign country, Federal Rule of Civil Procedure 4(f) applies. "Under Federal Rule of Civil Procedure 4(f)(3), 'a Court may fashion means of service on an

6

individual in a foreign country, so long as the ordered means of service (1) is not prohibited by international agreement; and (2) comports with constitutional notions of due process.'" *F.T.C. v. PCCare247 Inc.*, No. 12-cv-7189 (PAE), 2013 WL 841037, at *2 (S.D.N.Y. Mar. 7, 2013) (citation omitted). "'Service of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief. It is merely one means among several which enables service of process on an international defendant.'" *Id.* (citation omitted). "'The decision of whether to order service of process under Rule 4(f)(3) is 'committed to the sound discretion of the district court.''" *Id.* (citation omitted). Even if Defendants reside in a country that is a signatory to the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention"), the Hague Convention does not apply where, as here, "the address of the person to be served with the document is not known." Hague Convention art. 1, Nov. 15, 1965, 20 U.S.T. 361. In addition, the Court finds that service by email here comports with due process for the reasons stated above. *See, e.g., Sulzer Mixpac AG v. Medenstar Indus. Co.*, No. 15-cv-1668 (JSR), — F.R.D. —, 2015 WL 7687467, at *3 (S.D.N.Y. Nov. 27, 2015) (finding that service to defendant's email address "comport[ed] with constitutional notions of due process" where "[t]he email address in question [was] listed prominently on [defendant's] Internet homepage" and defendant "presumably relie[d] at least partially on contact through [that email address] to conduct overseas business"); *Philip Morris USA Inc. v. Veles Ltd.*, No. 06-cv-2988 (GBD), 2007 WL 725412, at *3 (S.D.N.Y. Mar. 12, 2007) (finding that "the alternative means of service by email and fax . . . was reasonably calculated to apprise defendants of the pendency of this action" where plaintiffs "showed that defendants conduct business extensively, if not exclusively, through their Internet websites and correspond regularly with customers via email").

Accordingly, the Court finds that service of Defendants by email is appropriate in this

7

matter.

## IV. RELIEF

For the foregoing reasons, in accordance with Federal Rule of Civil Procedure 65 and the Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, IT IS HERBEY ORDERED THAT:

1. Defendants, their officers, directors, agents, servants, representatives, employees, successors, and assigns, and all those acting in concert or in participation with any of them, are enjoined from:

   a. Directly or indirectly infringing any copyrighted work that is owned or controlled by any of Plaintiffs (or any parent, subsidiary, or affiliate of Plaintiffs) ("Plaintiffs' Works");

   b. Copying, reproducing, downloading, distributing, uploading, transmitting, displaying, or otherwise exploiting without authorization any of Plaintiffs' Works;

   c. Enabling, facilitating, permitting, assisting, soliciting, encouraging or inducing others to copy, reproduce, download, distribute, upload, transmit, display, or otherwise exploit without authorization any of Plaintiffs' Works; and

   d. Using, operating, maintaining, assisting, distributing, or supporting any computer server, website, software, domain name, email address, social media account, bank account, or payment processing system in connection with the infringement of any of Plaintiffs' Works.

8

2. Defendants, their officers, directors, agents, servants, representatives, employees, successors, and assigns, and all those acting in concert or in participation with any of them, shall not transfer, relinquish, or otherwise dispose of ownership or control of the websites or domain names associated with Defendants' Sites.

3. Defendants, their officers, directors, agents, servants, representatives, employees, successors, and assigns, and all those acting in concert or in participation with any of them, and any banks, credit card companies, credit card processing agencies, merchant acquiring banks, payment processing providers, and/or other financial service providers of Defendants, must, upon receiving actual notice of this Order, immediately cease transferring or disposing of any money or other assets residing in all accounts connected to any of Defendants or Defendants' Sites, cease allowing such funds to be transferred or withdrawn, and cease allowing any diminutions to be made from such accounts pending further order of this Court. This Order extends to but is not limited to:

   a. Any and all PayPal Inc., Mijireh Checkout, Payoneer, Woo Commerce or other accounts associated with, or used to process payments for, to, or on behalf of any of Defendants or Defendants' Sites, Defendants' Email Addresses, and/or Defendants' Aliases (hereinafter, "Payment Accounts");

   b. Any and all bank accounts, credit card, or debit accounts, or other financial service accounts linked to or associated with any Payment Accounts; and

   c. Any and all accounts with any financial institutions responsible for processing or receiving payment for purchases that are associated with or made in connection with Defendants or Defendants' Sites, Defendants' Email Addresses, or Defendants' Aliases.

4. Upon two (2) business days' written notice to the Court and Plaintiffs' counsel, any Defendant or restrained third party may appear and move for the dissolution or modification of the provisions of this Order upon an appropriate evidentiary showing.

5. This Order shall remain in effect until March 7, 2016, the date of the hearing scheduled below, unless before that time the Court, upon application by Plaintiffs and upon good cause shown, extends it.

IT IS FURTHER ORDERED THAT Defendants shall appear for a hearing on March 7, 2016 at 3:30 p.m. in Courtroom 905 of the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York, unless otherwise ordered by the Judge to whom this case is assigned, at which Defendants shall show cause why the Court should not issue a preliminary order – pending resolution of this case or further order of this Court – enjoining Defendants, their officers, directors, agents, servants, representatives, employees, successors, and assigns, and all those acting in concert or in participation with any of them, from acting in a manner substantially similar to the conduct enjoined in this Order. Any submission by Defendants in connection with that hearing shall be filed with the Clerk of this Court and served upon the attorneys for Plaintiffs by email to Kerry M. Mustico, Esq. at kerry@oandzlaw.com by no later than March 2, 2016. Plaintiffs shall file and serve any reply by March 4, 2016.

IT IS FURTHER ORDERED THAT Plaintiffs' motion for leave to take expedited discovery, prior to a Rule 26(f) conference, is GRANTED. Plaintiffs may issue Rule 45 subpoenas to current and former third-party service providers of Defendants' Sites, including but not limited to Register.com, Inc., Launchpad.com, Inc., eNom Inc., GoDaddy.com, LLC, PayPal Inc., Reality66 LLC d/b/a/ Mijireh Checkout, Payoneer, Woo Commerce, CrunchPress, Automattic Inc. d/b/a WordPress.com, BigCommerce Inc., and CyrusOne, LLC, in order to determine Defendants'

10

true names, aliases, and current (and permanent) addresses and email addresses, and to identify Defendants' accounts used to receive, transfer, or send funds or payments in connection with their allegedly illegal activities, including any Payment Accounts used to process payments to, from, or on behalf of Defendants or any of Defendants' Sites. Such subpoena recipients shall produce any responsive records within ten (10) calendar days of receiving the subpoena and actual notice of this Order.

IT IS FURTHER ORDERED THAT service shall be made on Defendants by delivery of electronic copies copy of this Order, as well as all of the papers submitted in connection with Plaintiffs' *ex parte* application (including the Complaint, memorandum of law, and supporting declarations and exhibits), by February 26, 2016, to Defendants' Email Addresses, *i.e.*:

testbaaank-sales@hotmail.com
testbaaank@hotmail.com
engineerjaber@hotmail.com
engineerjaber@yahoo.com
ahmad_aauj_2008@hotmail.com
alshahroorjaber@gmail.com
ranoodyamoon@hotmail.com

melemco-ammar@hotmail.com
retal-kenan@hotmail.com
testbankhello@gmail.com
ammarjaber_87@yahoo.com
tb-2013-sm@hotmail.com
jabber_tb.sm@hotmail.com
paymoneyforme@gmail.com

IT IS FURTHER ORDERED THAT no bond shall be required from Plaintiffs absent further order from the Court.

SO ORDERED.

Dated: February 22, 2016
New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE
PART I

11

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/8/16
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PEARSON EDUCATION, INC., *et al.*,

　　　　　　　　　　　　Plaintiffs,

　　-v-

FADI JABBER *et al.*,

　　　　　　　　　　　　Defendants.

No. 16-cv-1244 (PAE)
ORDER

RICHARD J. SULLIVAN, District Judge:

　　On February 22, 2016, while sitting in Part 1, the Court issued *ex parte* orders in five related matters, including the above-captioned matter, that temporarily enjoined, among other things, Defendants' alleged infringement of Plaintiffs' copyrights and ordered Defendants to show cause why the Court should not issue a preliminary order – pending resolution of this case or further order of this Court – enjoining Defendants, their officers, directors, agents, servants, representatives, employees, successors, and assigns, and all those acting in concert or in participation with any of them, from acting in a manner substantially similar to the conduct enjoined in the *ex parte* orders. (*See* Doc. No. 13.)[1]

　　In the instant case (as in all five of the related cases), the February 22, 2016 Order directed Plaintiffs to serve Defendants by February 26, 2016, and directed Defendants to file a written response to Plaintiffs' motion by March 2, 2016 and appear March 7, 2016 to show cause why the Court should not issue a preliminary injunction. (Doc. No. 13 at 10–11.) In accordance with the

---

[1] The other four matters are: *Elsevier, Inc. v. Thang Quoc Luong*, No. 16-cv-01243 (JMF) (Feb. 22, 2016); *Elsevier, Inc. v. Does 1-10*, No. 16-cv-01245 (RA) (Feb. 22, 2016); *Pearson Educ., Inc. v. Tan*, No. 16-cv-01246 (ALC) (Feb. 22, 2016); *Pearson Educ., Inc. v. Usmani*, No. 16-cv-01247 (DAB) (Feb. 22, 2016).

February 22, 2016 Order, Plaintiffs served Defendants on February 26, 2016. (Doc. No. 15.) However, Defendants filed no response and did not appear for the order to show cause hearing.

Upon conferring with the judges to whom the five matters listed above are now assigned, it was agreed that, in the interest of judicial efficiency, the undersigned would preside over a joint hearing on the orders to show cause.[2] Accordingly, on March 7, 2016, the Court held a joint hearing at which Plaintiffs appeared by telephone and, as stated above, Defendants did not appear. For the reasons set forth on the record at the hearing, and based on the findings set forth in the Court's February 22, 2016 Order, the underlying facts of which, according to Plaintiffs, have not changed since the issuance of that order, IT IS HEREBY ORDERED THAT:

1. Defendants, their officers, directors, agents, servants, representatives, employees, successors, and assigns, and all those acting in concert or in participation with any of them, are enjoined from:

    a. Directly or indirectly infringing any copyrighted work that is owned or controlled by any of Plaintiffs (or any parent, subsidiary, or affiliate of Plaintiffs) ("Plaintiffs' Works");

    b. Copying, reproducing, downloading, distributing, uploading, transmitting, displaying, or otherwise exploiting without authorization any of Plaintiffs' Works;

    c. Enabling, facilitating, permitting, assisting, soliciting, encouraging or inducing others to copy, reproduce, download, distribute, upload, transmit, display, or otherwise exploit without authorization any of Plaintiffs' Works; and

---

[2] The Court also issued an order to show cause in a sixth related matter that was not part of the joint hearing. *See Pearson Educ., Inc. v. Ghayathi*, No. 16-cv-1248 (CM) (Feb. 22, 2016).

2

       d.      Using, operating, maintaining, assisting, distributing, or supporting any computer server, website, software, domain name, email address, social media account, bank account, or payment processing system in connection with the infringement of any of Plaintiffs' Works.

2.     Defendants, their officers, directors, agents, servants, representatives, employees, successors, and assigns, and all those acting in concert or in participation with any of them, shall not transfer, relinquish, or otherwise dispose of ownership or control of the websites or domain names associated with Defendants' Sites.[3]

3.     Defendants, their officers, directors, agents, servants, representatives, employees, successors, and assigns, and all those acting in concert or in participation with any of them, and any banks, credit card companies, credit card processing agencies, merchant acquiring banks, payment processing providers, and/or other financial service providers of Defendants, must, upon receiving actual notice of this Order, immediately cease transferring or disposing of any money or other assets residing in all accounts connected to any of Defendants or Defendants' Sites, cease allowing such funds to be transferred or withdrawn, and cease allowing any diminutions to be made from such accounts pending further order of this Court. This Order extends to but is not limited to:

       a. Any and all PayPal Inc., Mijireh Checkout, Payoneer, Woo Commerce or other accounts associated with, or used to process payments for, to, or on behalf of any of Defendants or Defendants' Sites, Defendants' Email Addresses, and/or Defendants' Aliases (hereinafter, "Payment Accounts");

---

[3] The terms "Sites," "Defendants' Email Addresses," and "Defendants' Aliases" retain the definitions set forth in the Court's February 22, 2016 Order. (*See* Doc. No. 13 at 2-3.)

3

    b.    Any and all bank accounts, credit card, or debit accounts, or other financial service accounts linked to or associated with any Payment Accounts; and

    c.    Any and all accounts with any financial institutions responsible for processing or receiving payment for purchases that are associated with or made in connection with Defendants or Defendants' Sites, Defendants' Email Addresses, or Defendants' Aliases.

4.    This Order shall remain in effect until final resolution of this case, unless otherwise ordered by the Court.

IT IS FURTHER ORDERED THAT, by March 10, 2016, Plaintiffs shall serve Defendants with an electronic copy of this Order at Defendants' Email Addresses.

SO ORDERED.

Dated:    March 7, 2016
New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE
PART 1