**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ELSEVIER INC., BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC d/b/a MACMILLAN LEARNING, CENGAGE LEARNING, INC., MCGRAW HILL LLC, and PEARSON EDUCATION, INC.,

Plaintiffs,

v.

DOES 1 - 86 d/b/a 7YEC.COM, ALIBABADOWNLOAD.COM, APLUSTBSM.BLOGSPOT.COM, BOOSTGRADE.INFO, BUDDIEZ4U.MYSHOPIFY.COM, BUYSOLUTIONS-MANUAL.COM, BUYTESTBANKONLINE.COM, CANADIANTESTBANKSOLUTIONS.BLOGSPOT.COM, COLLEGESTUDENTTEXTBOOK.ORG, CYBERTESTBANK.COM, DIGITALTESTBANKS.COM, DIGTEXT.COM, EBOOKAS.COM, EBOOKENTRY.COM, ETESTBANKS.COM, FINDTESTBANKS.COM, HOMETESTBANKS.COM, HWPREMIUM.COM, INSTRUCTORACCESS.COM, MAXIZZY.MYSHOPIFY.COM, NURSINGSTUDENTSHELP.COM, NURSINGTB.COM, NURSINGTESTBANK.INFO, NURSINGTESTBANK0.INFO, NURSINGTESTBANKS.CO, NURSINGTESTBANKTANK.COM, REALNURSINGTESTBANK.COM, RHYIBLE.MYSHOPIFY.COM, SOLUTIONSMANUAL888.WORDPRESS.COM, SOLUTIONTESTBANK.COM, SOLUTIONTESTBANK.NET, STUDENTSAVER.BLOGSPOT.COM, STUDENTPUSH.COM, STUDENTS-EXAMS.COM, SWEETGRADES.COM, TB-BOOK.COM, TBMIRATE.COM, TEST-BANKSOLUTION.BLOGSPOT.COM, TESTBANK.CC, TESTBANK.CO.COM, TESTBANK.SOLUTIONS, TESTBANK101.COM, TESTBANK2020.COM,

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/28/20

Case No. 1:20-cv-08438-LLS

TESTBANKAIR.COM,
TESTBANKANDSOLUTIONS.BLOGSPOT.COM,
TESTBANKAREA.COM, TESTBANKBASE.COM,
TESTBANKBYTE.COM,
TESTBANKCLASSES.COM,
TESTBANKCLICK.COM, TESTBANKDATA.COM,
TESTBANKDB.COM, TESTBANKDEALS.COM,
TESTBANKDOC.COM, TESTBANKFILES.COM,
TESTBANKFIRE.COM, TESTBANKGRADE.COM,
TESTBANKGROUP.COM, TESTBANKHOST.COM,
TESTBANKHUT.COM, TESTBANKINC.COM,
TESTBANKKING.COM, TESTBANKLAB.COM,
TESTBANKLIB.COM, TESTBANKMANUALS.COM,
TESTBANKNSOLUTIONS.COM,
TESTBANKPAPER.COM, TESTBANKPASS.COM,
TESTBANKPLANET.COM,
TESTBANKQUESTIONS.COM,
TESTBANKREAL.COM,
TESTBANKSSOLUTIONMANUAL.
COM, TESTBANKS.NET,
TESTBANKSHOP.NET,
TESTBANKSLIST.WORDPRESS.COM,
TESTBANKSOLUTION01.COM,
TESTBANKSOLUTIONMANUAL.COM,
TESTBANKSTER.COM, TESTBANKTEAM.COM,
TESTBANKTOP.COM, TESTBANKTREE.COM,
TESTBANKWORLD.ORG, TESTBANKY.COM,
TESTMANGO.COM, TEXTBOOKSOLUTIONS.CC,
and UNIVERSALSTUDYGUIDES.COM,

      Defendants.

## STIPULATED PROTECTIVE ORDER

  The Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, and the undersigned parties having stipulated to the following provisions, it is hereby ORDERED that any person subject to this Order – including without limitation the parties to this action, their attorneys, representatives, agents, experts and consultants, acting as such, all third parties providing

discovery in this action, and all other interested persons with actual or constructive notice of this Order shall adhere to the following terms:

### A. Designation of Confidential Discovery Materials

1. Any person subject to this Order who receives from any other person information of any kind provided in the course of discovery in this action ("Discovery Material") that is designated as "Confidential" or "Highly Confidential" pursuant to the terms of this Order ("Confidential Discovery Material") shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder, and shall use such Confidential Discovery Material solely for purposes of this litigation or other litigation brought by any of the Plaintiffs against any of the Defendants that also involves copyright and/or trademark infringement claims.

2. The person producing Discovery Material may designate as "Confidential" any portion thereof that contains non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or would likely, in the good faith opinion of the producing person, harm the producing person's business, commercial, financial, or personal interests or cause the producing person to violate his, her, or its privacy or confidentiality obligations to others.  The person producing Discovery Material may designate as "Highly Confidential" any portion thereof that contains information that, in addition to being "Confidential," is of such heightened sensitivity that, in the good faith opinion of the producing person, would provide a competitive advantage to competitors or otherwise compromise or jeopardize the producing person's business or anti-piracy interests if disclosed other than as set forth below.

3. With respect to the confidential portion of any Confidential Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" or "Highly Confidential" by stamping or otherwise clearly marking as "Confidential" or "Highly Confidential" the document or protected portion in a manner that will not interfere with legibility or audibility. Deposition testimony may be designated as "Confidential" or "Highly Confidential" either on the record during the deposition or in writing within five (5) business days of receipt of the transcript. If so designated, the final transcript of the designated testimony shall be bound in a separate volume and marked, in sum and substance, "Confidential (or Highly Confidential) Information Governed by Protective Order" by the reporter.

4. If at any time prior to the trial of this action, a producing person realizes that some portion of Discovery Material the producing person previously produced without limitation should be designated as "Confidential" or "Highly Confidential," the producing person may so designate that portion by promptly notifying all parties in writing. Such designated portion of the Discovery Material will thereafter be treated as "Confidential" or "Highly Confidential" under the terms of this Order. In addition, the producing person shall provide each other party with replacement versions of such Discovery Material that bears the "Confidential" or "Highly Confidential" designation within two (2) business days of providing such notice.

**B. Who May Receive Confidential Discovery Materials**

5. No person subject to this Order, other than the producing person, shall disclose any Confidential Discovery Material to any other person whomsoever, except to:

    a) The parties to this action;

    b) Counsel of record and in-house counsel (and their support staff);

    c) As to any document, its author, its addressee, and any other person shown on the face of the document as having received a copy;

    d) A person with specialized knowledge or experience in a matter pertinent to the action who has been retained by a party or its counsel to serve as an expert witness or as a consultant in this action, as well as anti-piracy personnel employed by Plaintiffs ("Experts");

    e) Stenographers and video technicians engaged to transcribe or record depositions conducted in this action;

    f) Independent photocopying, graphics, discovery, computer, or other litigation support service providers retained by the parties or their counsel to assist in this action;

    g) The Court and its personnel;

    h) Any internet service provider or financial institution whose services a Defendant has used in connection with the website(s) identified in this action, but only to the extent that the Confidential Discovery Material relates to such services;

    i) Any other person the producing person agrees in writing may have access to such Confidential Discovery Material.

6. No person subject to this Order, other than the producing person, shall disclose any Confidential Discovery Material designated "Highly Confidential" to any other person whomsoever, except to those persons identified in subparagraphs 5(b)-(c) and (e)-(i) above, or to Experts identified in subparagraph 5(d) above, but only if (i) the party who has retained the Expert has first notified the producing person of the Expert's name,

5

occupation, and professional background, and (ii) the producing person has not, within ten (10) days of receiving such notification, served a written objection to disclosure to the Expert. If objection is made, the parties will promptly meet and confer in good faith to resolve the dispute. If the parties are unable to resolve the dispute despite making a reasonable effort to do so, the party objecting to disclosure may file a motion with the Court to prevent disclosure. If the objecting party fails to file such a motion within fourteen (14) days of service of its written objection, however, the other party may proceed to disclose the Highly Confidential Discovery Material to the Expert.

7. Prior to the disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 5(d)-(f) and (h)-(i) above, and the equivalent persons referred to in paragraph 6, such person shall be provided with a copy of this Protective Order and shall sign a Non-Disclosure Agreement, in the form annexed hereto, stating that the person has read this Order and agrees to be bound by its terms.

## C. Objection to or Filing of Confidential Discovery Materials

8. Any party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon the producing person and all other parties a written notice stating with particularity the grounds for the objection. The parties will promptly meet and confer in good faith to resolve the dispute. If the parties are unable to resolve the dispute despite making a reasonable effort to do so, the producing party may file a motion with the Court seeking to maintain the confidentiality designation, which will remain in place until the matter is decided.

9. Notwithstanding the designation of material as "Confidential" or "Highly Confidential" in discovery, there is no presumption that the Court will permit filed Confidential

6

Discovery Material to remain under seal. With respect to the filing of documents under seal, the parties must follow the procedures set forth in the Local Civil Rules and the Court's Individual Practices.

10. Each person who has access to Confidential Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material. If a party learns that, by inadvertence or otherwise, it has disclosed Confidential Discovery Material to any person or in any circumstance not authorized under this Order, the party must immediately (a) notify in writing the other parties of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Confidential Discovery Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request that such person or persons execute the Non-Disclosure Agreement.

### D. Inadvertent Disclosure of Privileged Materials

11. If, in connection with this litigation, and despite having taken reasonable steps to prevent the disclosure of information that it claims is subject to a claim of attorney-client privilege or attorney work product, a producing person inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure, in itself, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

12. If a disclosing person makes a claim of inadvertent disclosure, all receiving persons shall, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed

7

Information, and provide a certification of counsel that all such information has been returned or destroyed.

13. Within five (5) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing person shall produce a privilege log with respect to the Inadvertently Disclosed Information.

14. If a receiving person thereafter moves the Court for an order compelling production of the Inadvertently Disclosed Information, that motion shall be filed under seal, and shall not assert as a ground for entering such an order the mere fact of the inadvertent production. The disclosing person retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an *in camera review* of the Inadvertently Disclosed Information.

### E. Protection Against Disclosure Pursuant to Subpoena

15. If any party or third party receives a subpoena or other compulsory process seeking production of discovery materials designated as or containing Confidential Discovery Material, such recipient shall, (i) as soon as reasonably practical, give written notice thereof to the producing party who made the Confidential or Highly Confidential designation, and shall furnish the producing party with a copy of the subpoena or other compulsory process so as to afford the producing party a reasonable opportunity to seek a protective order; and (ii) if application for a protective order is made, initially respond to the subpoena or other compulsory process by providing a copy of this Order and the producing party's application for a protective order.

### F. Termination of the Litigation

16. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Confidential Discovery Material and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

17. During the pendency of this case only, this Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED.**

Dated: December 23, 2020

| s/ Vivian E. Kim | s/ Mark S. Pincus |
|---|---|
| Matthew J. Oppenheim<br>Michele H. Murphy (*pro hac vice*)<br>Vivian E. Kim<br>OPPENHEIM + ZEBRAK, LLP<br>4530 Wisconsin Avenue NW, Fifth Floor<br>Washington, District of Columbia<br>(202) 480-2999<br>matt@oandzlaw.com<br>michele@oandzlaw.com<br>Fleischman@oandzlaw.com<br>vivian@oandzlaw.com<br>*Attorneys for Plaintiffs* | Mark S. Pincus<br>PINCUS LAW LLC<br>90 Broad Street, 23rd Floor<br>New York, New York 10004<br>(212) 962-2900<br>mark@pincus-law.com<br>*Attorneys for Defendant 10769525 Canada Inc. (sued herein as "Doe 35" and "Sweetgrades.com")* |

SO ORDERED:

_Louis L. Stanton_
12/28/20

9

## STIPULATED PROTECTIVE ORDER
## NON-DISCLOSURE AGREEMENT

I, _____ [print name] acknowledge that I have read and understand the Stipulated Protective Order ("Order") in this action governing the non-disclosure of those portions of discovery material that have been designated as "Confidential" or "Highly Confidential" ("Confidential Discovery Material"). I agree that I will not disclose such Confidential Discovery Material to anyone except as permitted by the Order, and that at the conclusion of the litigation, I will return all Confidential Discovery Material to the party or attorney from whom I received it. By acknowledging these obligations under the Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder, and that my violation of any term of the Order could subject me to sanctions imposed by the Court.

Dated: _____          _____
                                          [Signature]