ORIGINAL

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

ELSEVIER INC., BEDFORD, FREEMAN & WORTH PUBLISHING GROUP, LLC d/b/a MACMILLAN LEARNING, CENGAGE LEARNING, INC., MCGRAW HILL LLC, and PEARSON EDUCATION, INC.,

Plaintiffs,

v.

FAHED QUTTAINAH, MANSOUR MANSOUR, AHMED NASSAR, DANA OMAR ALSHAFEAI, MAHMOUD MAHMOUD, AHMED ZUREGAT, ZHIMING YANG, PATRICK SMITH, MIKE WALLACE, AYMEN YASEEN, DUONG HOANG THI THUY, HUONG THI THU DINH, THINH VAN CAN, MANH CUONG CAN, QUYNH THI NGUYEN, HOA MY HOANG, CAO THI NGOC DIEP, EISA ALMASRY, ZOHER TAHAMI, HOANG MAI, TUNG VU DANG, CHANH BUI XUAN, HUY QUAN VU, LONG THANH NGUYEN, MAGDIEL GARCIA, HENRY GONZALEZ HERRERA, YUNAYSIS MARTIN MATA, JAVARIA MALIK, NOUMAN MALIK, FARAH MAQSOOD, HASEEB ANJUM, YASSINE LIAS, ROSA LAUMEN, ABDULSALAM MOHAMAD, BIEN TIEN NGUYEN, SHERRY SANDERS, WALESKA CAMACHO, SUSAN RAGON, ANJUM AKHTER, AMNA RIZVI, JAMES COOK, EKATERNIA DEMIDENKO, ID TNAINE ABDELLAH, MAHER JARAR D/B/A ONLINE LEARNING EDU, MICHAEL JAMES FIED, SAID OUAKRIM, DANIEL LEW D/B/A EXAM BUDDY, LLC, ASAAD QURESHI, MANGO REACTOR CORP., IHAB HAMDI, YUSOFF RAMDAN, RYAD MIFTAH, ASIM SAEED, LANDON NETTLES, ALI HASSAN, ABDUL ASZMAN BIN AMIN, ELIZABETH ARTHUR, AMIRUL AMIN RAZAK, YULIANA YULIANA, YI SHI, YONGHO KO, ZHENG YUAN, HESHAM MANSOUR, JOE ZHANG, JAYA BREAD PEORIA, RAGAVENDRAN S S SITHARAMAN SUBRAMANIAN, NGUYEN HUU DUNG, DOE 55 D/B/A TESTBANKFILES.COM, PHUONG GIA NGUYEN, HA NGUYEN, ADAM PETERSON, VAN QUAN PHAM, MOHAMMED RABABAH, TELFORD LIU, TYRA JOHNSON, ANNA REYNOLD, AND DOE 81 D/B/A TESTBANKTREE.COM,

Defendants.

Civil Action No. 20-cv-8438-LLS


USDC
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/23/22

## [~~PROPOSED~~] FINAL JUDGMENT AND PERMANENT INJUNCTION AS TO EKATERINA DEMIDENKO

Plaintiffs Elsevier Inc., Bedford, Freeman & Worth Publishing Group, LLC d/b/a Macmillan Learning, Cengage Learning, Inc., McGraw Hill LLC, and Pearson Education, Inc. (collectively, "Plaintiffs") filed a Complaint against Defendant Doe 15 d/b/a etestbanks.com ("Doe Defendant"), alleging claims of copyright infringement pursuant to the Copyright Act, 17 U.S.C. §§ 501 *et seq.*, and claims of trademark infringement pursuant to the Lanham Act, 15 U.S.C. § 1114 *et seq.* The Doe Defendant has since been identified as Ekaterina Demidenko ("Defendant"). Plaintiffs and Defendant indicate that they have settled this matter. In connection therewith, the parties have jointly stipulated to entry of this Final Judgment and Permanent Injunction.

**NOW, THEREFORE**, it is hereby:

I. **ORDERED** that final judgment is **ENTERED** for Plaintiffs against Defendant. Each party shall bear its own costs and expenses, including its attorneys' fees.

II. **FURTHER ORDERED** that a permanent injunction is **ENTERED** in this action as follows — Defendant and her officers, agents, employees, and attorneys and all those in active concert or participation with any of them, who receive actual notice of this Permanent Injunction, are enjoined from:

    a. Directly or indirectly infringing any of Plaintiffs' Copyrighted Works[1];

---

[1] "Plaintiffs' Copyrighted Works" means any and all test banks, instructor solutions manuals, textbooks or other copyrighted works, or portions thereof, whether now in existence or later created, regardless of media type, the copyrights to which are owned or exclusively controlled by any of the Plaintiffs or their respective parents, subsidiaries, affiliates (excluding for Macmillan Learning, its affiliates and its parents other than its immediate parent company), predecessors, successors, or assigns, whether published in the United States or abroad.

2

    b. Directly or indirectly infringing any of Plaintiffs' Marks[2] ; and

    c. Without limiting the foregoing II.a-b:

        i. Copying, reproducing, manufacturing, downloading, uploading, transmitting, distributing, selling, offering for sale, advertising, marketing, promoting, or otherwise exploiting any of Plaintiffs' Copyrighted Works or goods bearing Plaintiffs' Marks without Plaintiffs' express written authorization;

        ii. Enabling, facilitating, permitting, assisting, soliciting, encouraging, or inducing the copying, reproduction, manufacture, download, upload, transmission, distribution, sale, offering for sale, advertisement, marketing, promotion, or other exploitation of any of Plaintiffs' Copyrighted Works or goods bearing Plaintiffs' Marks without Plaintiffs' express written authorization; and

        iii. Using, hosting, operating, maintaining, creating, providing, or registering any computer server, website, domain name, domain name server, cloud storage, e-commerce platform, online advertising service, social media platform, search engine, proxy service (including reverse and forwarding proxies), website optimization service (including website traffic management),

---

[2] "Plaintiffs' Marks" means any and all trademarks and service marks, whether now in existence or later created, that are owned or exclusively controlled by any of the Plaintiffs or their respective parents, subsidiaries, affiliates (excluding for Macmillan Learning, its affiliates and its parents other than its immediate parent company), predecessors, successors, or assigns, whether used in commerce in the United States or abroad.

    caching service, content delivery network, payment processing service, or any other service similar to the above-listed services that supports, enables, facilitates, permits, assists, solicits, encourages, or induces the infringement of Plaintiffs' Copyrighted Works or Plaintiffs' Marks as set forth above.

**III.** **FURTHER ORDERED** that Defendant, along with her personal representatives, heirs, executors, administrators, agents, assigns, and attorneys, shall, at Defendant's own expense, permanently delete and destroy each copy, including each digital copy, of Plaintiffs' Copyrighted Works within her possession, custody, or control. Defendant shall promptly certify to Plaintiffs in writing—no more than 10 days from the entry of this Order—that such deletion/destruction has been completed.

**IV.** **FURTHER ORDERED** that Defendant shall transfer and turnover to Plaintiffs the domain names etestbanks.com and collegesharks.co and take all steps required to effectuate such prompt transfer/turnover.

**V.** **FURTHER ORDERED** that the Court retains jurisdiction for the purpose of enforcing this Order. Without limiting the foregoing, in the event Plaintiffs discover any new websites owned or operated by Defendant in violation of any of the terms of this Permanent Injunction, Plaintiffs may move the Court for a supplemental order as may be appropriate to effectuate the purposes of this Permanent Injunction.

**VI.** **FURTHER ORDERED** that this Order replaces the Court's Amended Preliminary Injunction issued in this matter as to Defendant.

4

SO ORDERED this **23rd** day of May, 2022.

_Louis L. Stanton_
United States District Judge